Mr. Justice Baker delivered the opinion of the court: This is an action on the case, brought by appellee, against appellant, to recover damages for injuries alleged to have been sustained by him through the willful, wanton and malicious conduct of appellant’s servants. The wrongful acts charged in the declaration were the sounding of the locomotive whistle of a passing freight train on defendant’s railroad in such a loud, needless, wanton and malicious manner, and the causing of steam to be emitted from the steam-chest and cylinder of the locomotive in such a needless, wanton and malicious manner, as to frighten the plaintiff’s team and render it unmanageable, whereupon it ran over him and broke his leg. A jury .trial resulted in a verdict for appellee in the sum of $3000. A remittitur of $1000 was entered, whereupon the court overruled a motion for a new trial and rendered judgment for $2000. From the judgment of the Appellate Court affirming that judgment this appeal is prosecuted. It appears that appellee was employed, with his team and a scraper, upon appellant’s right of way by one Hillenbrand, who had a contract for filling up under the railroad. The right of way at the place where the work was in progress is fifty feet on each side of the track. It was the first day of appellee’s employment. Several other men, with their teams, were upon the right of way engaged in the same work. As the freight train in question approached from the south, appellee went to the heads of his horses to quiet and hold them until'the train should pass. He and one other man with a team were on the west side of the track. Two men. with teams were ■on the east side. About 500 feet south of this point is a whistling-post for north-bound trains, and about 1000 feet north is what is known as the Bloomington or gravel road. When passing the whistling-post the engine sounded the usual alarm. After the sounding of the whistle at that point the engine bell was being rung, and as the train approached the engineer was on the east side of the cab leaning out of the cab window, and another man was seen, looking out of the window on the west side of the cab. The latter, when the engine was almost opposite to the men holding their teams, withdrew his head from the cab window, and immediately two or three sharp whistles, such as are usually given to scare stock off the track, were sounded, steam was emitted violently from the escape-pipe, and appellant’s horses, which up to that time had been quiet, became frightened and unmanageable, knocked appellee down, rushed over him and broke his leg near the hip joint. The misconduct of appellant’s servants and the exercise of due care by appellee were questions of fact, to be determined by the jury under all the attendant and surrounding circumstances, and the jury having, by their verdict, found those facts in favor of appellee and against appellant, they are. conclusively so established by the judgment of the Appellate Court. There was no substantial error in the rulings of the trial court on the admission and exclusion of evidence. The first instruction given in behalf of appellee was as follows: “If the jury believe, from the evidence, that the plaintiff, Samuel Yorty, on the day and at the place in question, and immediately before and at the time of the accident in question, was in the exercise of the care and caution for his own safety which a reasonably prudent and careful man, under the same circumstances, would have exercised; and if the jury further believe, from the evidence, that the engineer or fireman of the engine in question saw the plaintiff’s position at the head of his team within thirty feet of the track over which said engine was then passing, and then negligently or wantonly caused the whistle of said engine to be sounded in a short, sharp, shrill and unusual manner, and the steam to escape from said engine in a reckless or negligent manner; and if the jury further believe, from the evidence, that the sounding of said whistle, as aforesaid, or escaping of said steam, as aforesaid, frightened the team of the plaintiff so that said team thereupon ran away and injured said plaintiff, then the plaintiff should recover.” Complaint is made of this instruction, because, it is argued, the hypothesis of the instruction was wholly erroneous, and evidently misled the jury. Counsel for appellant say: “The Appellaté Court found, from the evidence, that the engineer was ‘not in a position to see appellee or his horses,’ and yet the instruction assumes that he did see appellee and his horses and wantonly sounded the whistle and caused steam to escape from the engine.” Error cannot be assigned on the opinion of the Appellate Court. The correctness or incorrectness of the instruction is not dependent upon expressions used by the Appellate Court in their opinion, but whether or not there was evidence introduced at the trial upon which to base the instruction. Here, we think, there was. The record shows that for a long distance before the train reached the point where appellee and his co-laborers were at work, it came down grade over a perfectly straight track, and that the engineer was leaning out of the east side cab window. From his position in the cab window he could look obliquely across the head of the engine, which is much narrower than the cab, to the west side of the track, and see objects as far west of the track as appellee was, for some distance before the train approached sufficiently near that point to obstruct" the view. The jury might readily have concluded that, so looking ahead, he did see appellee. Indeed, the instruction stated the law less favorably to appellee than it might, with perfect propriety, have done, for in order to create a liability in appellant it was not necessary that the engineer—who, it seems to be assumed, blew the whistle—should have seen appellee. The fact that he saw the men and teams at work on the east side of the track was sufficient to warn him against making any unusual or unnecessary noises, and if, being thus warned, he caused the whistle to be sounded in a loud, unusual and unnecessary manner, and the steam to escape in an ■unnecessary and reckless manner, appellant is responsible for the consequences of his misconduct; and if his wrongful act resulted in injury to appellee, it could not matterowhether his intention was to frighten the latter’s horses or those on the other side of the track. The other objections made to this instruction are frivolous, and need not be commented upon. The other instructions given in behalf of appellee stated correct propositions of law, abstract, but applicable. The trial court is chargeable with no error in changing the expression “due care” to “ordinary care” and “reasonable care,” in some of the instructions given in behalf of appellant. They are convertible terms, and the latter are preferable. We fail to see wherein the trial court committed any substantial error in modifying the other instructions .given in appellant’s behalf. The instructions offered by appellant and not given were properly refused. We think the jury were fully and fairly instructed as to the law applicable to the case. The record discloses no reversible error, and the judgment of the Appellate Court is therefore affirmed. Judgment affirmed.