## Chicago, Rock Island & Pacific Railway Company v. John W. Steckman.

### Gen. No. 4,607.

1. VERDICT—*when not set aside after three juries have passed on case.* A verdict will not be set aside as against the preponderance of the evidence unless it is most clearly and manifestly so where three juries have passed upon the case and each has found the same way.

2. CAUSE OF ACTION—*effect of failure to notify defendant before suit.* A cause of action is not affected by the failure of the plaintiff to notify the defendant of its existence prior to the institution of suit.

3. ORDINANCE—*against permitting steam to escape, construed.* An ordinance which forbids the allowing of steam to escape "when the engine is in immediate proximity of any street or railroad crossing," does not mean simply that steam shall not be allowed to escape in immediate proximity to where a street and a railroad cross each other.

4. ORDINANCE—*when not unreasonable.* An ordinance which forbids the allowing of steam to escape when the engine is in immediate proximity to any street or railroad crossing is not unreasonable, and is valid.

5. DAMAGES—*what evidence incompetent upon, in action for personal injuries.* A plaintiff in an action on the case for personal injuries should not be permitted to testify as to the number of his children but the action of the court in permitting such testimony held, in this case, not ground for reversal.

6. ERRORS—*what cannot be alleged upon second appeal.* Al-

leged errors which existed upon a first appeal cannot be urged upon a second appeal of the same cause where upon such first appeal such errors were not urged.

Action on the case for personal injuries. Appeal from the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed March 10, 1906.

JACKSON, HURST & STAFFORD, for appellant.

J. T. and S. R. KENWORTHY, for appellee.

MR. JUSTICE FARMER delivered the opinion of the court.

Appellee sued appellant in the Circuit Court of Rock Island county to recover damages for an injury sustained by him, as he alleges, resulting from the negligence of the servants of the railroad company. The case has been tried in the Circuit Court three times. The first trial resulted in a verdict for plaintiff which was set aside on the defendant's motion. On the second trial plaintiff recovered a verdict for $5000 upon which the court rendered judgment. Upon appeal to this court that judgment was reversed and the cause remanded. C., R. I. & P. Ry. Co. v. Steckman, 95 Ill. App., 4. A statement of the case, the location and physical conditions surrounding the place of the injury, in most respects substantially like that shown by this record, will be found in our former opinion and need not here be repeated.

The declaration charged that the whistle on defendant's engine was unnecessarily sounded in a reckless, negligent, loud and unusual manner in violation of an ordinance of the city, which forbade locomotive whistles from being sounded within the city, "except necessary brake signals, and such as may be necessary to prevent injury to persons or property." It also charged that the cylinder cocks were negligently and recklessly caused to be opened and steam allowed to escape therefrom with a hissing sound in violation of an ordinance which forbade cylinder cocks from being opened to allow steam "to escape therefrom at any time while running upon or along any railroad track laid in any streets

of said city, or when the engine is in immediate proximity to any street or railroad crossing in said city. Provided, however, that when such engine shall be standing at such point in said city and for three revolutions of the driving wheel after being put in motion, the said cocks may be opened for the purpose of allowing condensed steam to escape." Some of the counts charge that the whistle was wantonly and maliciously sounded and that the cylinder cocks were wantonly and maliciously opened to allow steam to escape. The declaration alleges that the noises of the whistle and escaping steam frightened appellee's horses causing them to run away and thereby throw him from his wagon and injure him.

It is first contended by appellant that the evidence shows appellee's injury resulted from his failure to exercise due care for his own safety. It is argued that his position on the wagon and attempting to drive his team while in that position, parallel to a railroad track, over which he knew trains were almost constantly passing, was such negligence as to preclude a recovery. It is true we expressed some dissatisfaction with the evidence on this branch of the case when the cause was before us at a former term, but we did not hold there was not sufficient evidence on this subject to warrant its submission to the jury as a question of fact. Appellee was driving along a public street where he had a right to travel. True he was sitting on a box as high as the top of his wagon box, with his feet and legs hanging down in front of the front end of his wagon and was driving on the side of the street next to the railroad tracks. Doubtless the wagon might have been so loaded as to have given him room to sit in the wagon box, but we think it cannot be said as a matter of law under the evidence, that his conduct in riding as he did was negligence. Nor can it be said as a matter of law that his position on the wagon, combined with the fact that he was driving on the side of the street next to the railroad tracks was negligence. He was driving on the proper side of the street for persons traveling in the direction he was going, and while the highest degree of care might have re-

quired him to occupy a different position on his wagon, or to have driven on the opposite side of the street, or to have gotten off the wagon on the ground when the train was approaching, appellee was only required to exercise ordinary care under the circumstances. The trial court properly submitted to the jury to determine whether appellee was in the exercise of due care, and even if it be thought the evidence upon this question is close, yet after three juries have found in his favor, we do not think we would be justified in disturbing that finding. Appellant contends the evidence does not show that the whistle was negligently, wantonly and maliciously sounded as charged in the declaration. Appellee testified his team went along quietly until the train was just opposite him when steam escaped from the cylinder cocks with a loud hissing noise and the vapor came out to his horses. This he says frightened them and caused them to start and throw him to the ground. He alighted astride one of the tugs and says he was about to get his horses under control when the whistle was sounded so frightening them that he lost control of them and was thereby injured. He does not claim to know how many blasts of the whistle were given. Andrew Greaser, on behalf of appellee, testified he was on the street near where the accident occurred and that his attention was attracted by the whistling of the locomotive and the opening of the cylinder cocks. He had previously worked for appellant a number of years, five years of the time as switchman and brakeman. He says when he heard the whistle and saw that the cylinder cocks were open, the engine was just opposite appellee's team. The team shied toward the south and jumped and appellee fell off behind the horses, after which the team ran off. He says it was unusual for engines to whistle at that place, that two long and two short blasts were given, which is known among railroad men as a crossing signal. There was no crossing near the place where the whistle was sounded. Something over 600 feet from that place the street on which appellee was traveling crossed under a viaduct to the north side of the railroad tracks. Greaser testifies except for a small shanty that obstructed

twenty-five or thirty feet of his view, he could see the railroad track ahead of the engine for a considerable distance and that he looked to see if anything was on the track and saw nothing. It is claimed the evidence shows that the team was in the habit of running away and that it took fright at the approach of the train and not at the escaping steam or sounding of the whistle. While there was some conflict in the testimony as to the character of the team for gentleness, it cannot be denied that there was a considerable amount of evidence that the team had been accustomed to working around railroad tracks and was not afraid of trains. The weight of the evidence shows that at the time of the injury the team did not take fright until the noises were made by the steam and whistle just opposite the team. Appellee's evidence makes a *prima facie* case that the sounding of the whistle was not a brake signal and was not necessary to prevent injury to persons or property and therefore sustains the charge in the declaration that it was unnecessarily and negligently sounded. The proof also sustains the charge that the cylinder cocks were opened and steam allowed to escape in violation of the ordinance.

It appears appellant was not notified of the accident until the bringing of this suit, which was seven months after the injury and its servants in charge of the engine and train were unable to recall the circumstances of the whistling or escaping of steam. While this is unfortunate, it does not change the rule of law that where a plaintiff has made a *prima facie* case entitling him to a recovery, that to avoid the recovery the defendant must overcome plaintiff's case. There being according to the evidence no apparent necessity for sounding the whistle or letting steam escape, the charge of negligence in these respects is sustained by the proof. It has been often held that a recovery may be had for an injury sustained as the result of the negligent or reckless blowing of the whistle or letting off steam from a locomotive by servants in charge of it. C., B. & Q. R. R. Co. v. Yorty, 158 Ill., 321. Our Supreme Court held in U. S. Brew. Co. v. Stoltenberg, 211 Ill., 531, that the violation of a valid

ordinance adopted for the public safety constitutes a *prima facie* case of negligence, if the violation caused the injury complained of.

On the last trial of this case appellee offered and the court admitted in evidence the ordinance we have above referred to and quoted in part, relating to the opening of cylinder cocks to allow steam to escape from a locomotive. Appellant makes a technical argument in an effort to show that the clause in said ordinance forbidding the allowing of steam to escape "when the engine is in immediate proximity to any street or railroad crossing in said city," means that steam shall not be allowed to escape in immediate proximity to where a street and the railroad cross each other and has no application to any other place. Its position is that no matter how near the railroad track runs to a street, provided it does not cross it, the ordinance would not be violated by opening the cylinder cocks and allowing the steam to escape. We do not think this position tenable, either from the language used in the ordinance or the evident object and purpose sought to be accomplished by its passage. We must assume that the ordinance was adopted for the protection and safety of persons traveling the streets, and escaping steam would be as likely to frighten teams on a street running parallel with and in close proximity to a railroad track, as it would teams on streets crossing the railroad track at right angles. It is also insisted by appellant that this ordinance is void for unreasonableness, and before the ordinance was admitted in evidence appellant introduced before the court the testimony of two engineers to show the circumstances under which the cylinder cocks were required to be opened for the escape of steam, and the necessity for allowing such escape. We think the reasonableness of this ordinance is settled by the Supreme Court in P., C., C. & St. L. Ry. Co. v. Robson, 204 Ill., 254, where an ordinance substantially like the one here involved was sustained.

Some objections are made to the rulings of the court in the admission and rejection of testimony. We have examined the questions raised by these assignments of errors

and are of opinion there is nothing in them that would justify us in reversing this judgment for anything that occurred in that respect. Appellee was permitted to answer over appellant's objection to the question of how much of a family he had, that he had nine children. We do not think this was material and the court should have sustained the objection, but it does not appear to us to have affected the result of the trial or to have prejudiced appellant and would therefore not justify a reversal.

It is also urged that the damages are excessive. The proof shows appellee was not under the care of a physician very long, although it clearly establishes that he was seriously and painfully injured. The testimony further shows that he left the hospital a few days after he was injured and has had very little medical care or attention since. Also that he has performed a good deal of labor of various kinds. The proof further tends to show that the injury to one of his legs is permanent and while he was engaged a good deal of the time in the performance of manual labor in different occupations, his injuries have affected him to such an extent as to interfere in some manner with his capacity for such labor and not only reduce his capacity for work, but to cause him more or less difficulty in performing his daily occupation. There was a large amount of evidence introduced upon the question of his physical condition since the injury, which was not altogether harmonious, but upon a careful consideration of it, we are unable to say that the damages recovered are excessive. In our former opinion we held they were, but the amount then was $2,000 larger than it is now and there is proof tending to show that the time that has elapsed since the former trial has not shown appellee's condition to have improved.

The court gave three instructions on motion of appellee and it is urged two of them are erroneous and that they should not have been given. We find no serious objection to them. The principal complaint is as to the first instruction and what we have already said renders unnecessary a further discussion of it. Moreover by leave of this court appellee has filed in this case the abstract and brief of ap-

pellant in the former appeal. From these it appears that this same instruction was given and was in the record when the case was in this court by appeal of the same party at a former term and no such objection as is now made, was made to it then. Under these circumstances we are of opinion appellant cannot now be heard to question the correctness of the instruction. Our understanding of the law is that where an error exists in a record before an appellate tribunal and such error is not complained of or urged as a ground for reversal and the case is reversed for other reasons and remanded and comes back again on another appeal by the same party, such party cannot then avail himself of errors committed on the last trial which existed in the former record, but were not complained of. Dilworth v. Curts, 139 Ill., 508; Manf. Co. v. Iron Fence Co., 119 Ill., 30. Complaint is also made of the refusal of certain instructions offered by appellant and refused by the court. What we have already said, we think, renders unnecessary any discussion of the rulings of the court in refusing the instructions complained of. We see no error in the court's rulings in that regard. We believe the jury was fully and fairly instructed for appellant. Believing there is no reversible error in the record the judgment is affirmed.

*Affirmed.*