**Arnold Mitchell, Appellee, v. Libby, McNeill & Libby, Appellant.**

**Gen. No. 5,044.**

1. INSTRUCTIONS—*must be predicated upon the evidence.* Instructions are improper which are not predicated upon any evidence in the cause.

2. INSTRUCTIONS—*when upon exercise of ordinary care not erroneous.* The expressions, "due care," "ordinary care" and "reasonable care" are convertible terms, and it is not error to define the standard of care required of the plaintiff suing for personal injuries, to be "due or reasonable care."

3. INSTRUCTIONS—*must not be argumentative.* Instructions should be refused which are argumentative in form.

4. VERDICTS—*when not excessive.* Held, that a verdict, reduced by *remittitur* from $1,000 to $985, rendered in an action on the case for personal injuries, was not excessive where it appeared that the injury, among other things, consisted of a compound fracture of both bones of the leg which after seven months still continued to pain the plaintiff.

Action in case for personal injuries. Appeal from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed October 14, 1908. Rehearing denied April 21, 1909.

W. M. YEATMAN and BLODGETT & RIORDAN, for appellant.

C. C. McMAHON and McCALMONT & RAMSAY, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Appellant, Libby, McNeill & Libby, a corporation, operated a milk condensing factory at Morrison, Illinois. On the first floor was a large room with an elevator in the northeast corner. East of this was a cooling room, the door to it being about twelve feet south of the elevator. The milk was condensed, barreled, and then placed in the cooling room. One end of a skid with a saw horse underneath the center was placed on the elevator, and the other end of the skid on a table standing lengthwise with its east end inside the door of the cooler room. The skid was made of two four by fours about twelve feet long, slanted at the ends. There were three cleats on the under side, one about two feet from each end, and a third in the middle. The table was six or eight feet long, three and a half or four feet wide, and three feet high, having four legs of four by four inch material. Boards two by six inches were nailed under the top on the outside of the legs with about six twenty penny spikes in each leg. The top of the table was of planks about two inches thick, and ten or twelve inches wide spiked to the two by six strip and also to the legs. The barrels weighing six hundred pounds were placed on the elevator, which was then raised, and the barrels were rolled by two men across the skid to the table, then turned and rolled into the cooling room. On July 6, 1907, appellee, Arnold Mitchell, with another employe of appellant, was rolling a barrel of milk from the elevator to the cooling room. When the barrel was near the table the two north legs bent under, the skid slipped off the table, the men and the barrel fell, and appellee sustained a fracture of both bones of his left leg below the knee. On December 26, 1907, appellee, by Bartley Mitchell, his next friend, brought suit in the Circuit Court of Whiteside county against appellant to recover damages for the injuries resulting from the accident. The declaration contained three counts.

The first count averred that appellant negligently kept a stand or table not of sufficient strength to support the weight to which it was subjected. The second count was like the first, with the added averment that the stand or table was not braced and was not of sufficient width to support the weight to which it was subjected. The third count averred the appellant negligently kept a stand or table and skid that were not of sufficient strength to support the weight placed upon them. Each count averred that while appellee was, in the exercise of due care, assisting under the order and direction of appellant's vice-principal in rolling a barrel of milk over such skid, the table gave way, and the barrel fell upon appellee and fractured one of his legs, and otherwise injured him. The plea of not guilty was interposed. There was a trial and a verdict for appellee for $1,000. A motion for a new trial was made. Appellee remitted $15 from the verdict. The motion for a new trial was denied. Judgment was entered on the verdict for $985, and Libby, McNeill & Libby appealed.

It appears from the evidence that appellee was about fifteen years of age and had been employed by appellant since July 1, 1907, at different work about the place. On the morning he was injured, he and Knox, another employe of appellant, were at work on the lawn, and to get out of the rain came into the building, and Perrine, appellant's foreman, set Knox at painting, and appellee at placing barrels on the elevator. When appellee and other employes had placed a number of barrels on the elevator, Perrine raised it and appellee and McKee, an employe of appellant's, rolled one barrel to the cooling room, when Perrine ordered appellee to assist Bowle, or Bough, another employe, in rolling up another barrel. Appellee, on the east side of the skid, and Bough on the west, rolled the barrel nearly to the table, when the two north legs of the table bent under to the south, the table slanted to the north, the skid slipped off, and the men and the

barrel fell. Appellee's evidence tended to show that the legs of the table were not braced, and appellant's that there were two by six inch strips across the ends from four to six inches from the floor. There was testimony from employes of appellant that two weeks before the accident the table was unsteady and swayed from side to side when similar barrels were rolled over it, and some testimony to the effect that it swayed from side to side when in use on July 1st. Bough testified that after the accident the table leaned to the north, and the bottom of the legs leaned to the south four or five inches. Four other witnesses testified to the same effect, one saying in addition that the upper part of the leg pulled out a little, and another that the nails were pulled out. Appellant relied principally upon the defense that the table had been inspected shortly before the accident. The superintendent testified that he made a general inspection of it on the morning of July 8, within fifteen or twenty feet of it, and also a less minute inspection on the morning previous, and that he had it tested before it was used for putting milk into the cooler; and that after the accident the table was in good condition. The foreman testified that after the accident the legs were not out of plumb so you could notice it. A clear preponderance of the proof is to the effect that the legs bent under it from four to six inches and that the nails were more or less drawn. The evidence supported the averments of the declaration that the table was not properly braced, and was not of sufficient strength to support the weight placed upon it, and the jury properly found the issue of facts in favor of appellee.

Appellant complains that in the instructions to the jury the court excluded from their consideration the defenses of the negligence of a fellow servant and assumed risk. A careful inspection of the record discloses no evidence that Bough or any fellow servant of appellee was negligent in anything connected with the accident. It does disclose however that appellee

was young, lacking in experience, and had never done work of this kind, and that he had been at the place where he was injured but once before, when he assisted in moving the table. There is nothing to show that his attention was drawn to its condition at that time or that he had any reason to expect that he would ever work upon it, and it cannot reasonably be found from the evidence that he knew or should have known that the table was not of sufficient strength to support the weight to which it was subjected, or that he had adequate opportunity to inspect it. He had a right to assume that appellant had furnished reasonably safe appliances for him to work with. Moreover he was using the appliances under the direct order and in the presence of appellant's vice principal. We are of the opinion that the court committed no error in giving for appellee such instructions, which omitted the defenses of the negligence of a fellow servant and the assumption of the risk, and in refusing appellant's instructions which include such defenses.

The declaration averred that appellee expended divers sums of money in endeavoring to be cured, and appellant complains that the court erred in refusing its instructions that appellee could not recover for nurse hire and surgical or medical and other expenses incurred in his treatment. No evidence was introduced by appellee relative to the expense of his treatment for the injuries, and we are of the opinion that it was not error to refuse such instructions, especially as the court gave the jury an instruction that told them they could allow appellee no damages for loss of service or earning capacity during his minority, nor for expenses nor services rendered in caring for him.

The court gave to the jury an instruction which defined the standard of care required on the part of appellant as "due or reasonable care." Appellant contends that this was an erroneous statement of the law, in that it required a higher degree of care than "reasonable" or "ordinary care". The expressions "due

care", "ordinary care", and "reasonable care" are convertible terms, and no error was committed in the matter of the instructions in this respect. C., B. & Q. R. R. Co. v. Yorty, 158 Ill. 321; B. & O. S. W. Ry. Co. v. Faith, 175 Ill. 58.

Appellant offered a number of other instructions that were refused. These we have carefully examined, but will not discuss them in detail. We deem it sufficient to say that some are erroneous, some are argumentative, and others are included in the instructions that were given. We are of the opinion that the jury were fully and fairly instructed as to the law applicable to the facts, and that the court committed no harmful error in the admission of evidence or in defining the law.

Appellant argues that the damages are excessive. It is not disputed that there was a compound fracture of both bones of the leg. Appellee testified seven months after the accident that the leg still pained him. An examination at the time of the trial showed that the ankle was enlarged and stiff, that the circulation was impaired, that the injured leg and foot were smaller than the other, and that there was such a deformity that appellee walked with his foot on that side turned inward. There was no evidence of any maltreatment or neglect of the injury, and under this state of the proof we do not consider the damages excessive.

No reversible error appearing in the record, the judgment of the court below is affirmed.

*Affirmed.*