1660.   PACETTI *v.* CENTRAL OF GEORGIA RAILWAY CO.

1. In a petition seeking damages on account of negligence, an allegation that the defendant "knew or ought to have known" of a matter, knowledge of which is essential to raise the duty and the consequent liability for neglect, is equivocal, and will be construed as asserting merely the conclusion of the pleader that the defendant had constructive knowledge. Such an allegation is permissible, however, when the petition alleges specific facts showing a relationship or a set of circumstances which im-

7

poses upon the defendant a duty to anticipate or to know of the thing in question. The facts set forth in the present petition were adequate to show a violated duty of anticipation.

2. Persons confronted by a dangerous situation or by an emergency or other circumstances likely to impair judgment and ordinary discretion are not held to the same quantum of care as they would be otherwise. The question as to whether the plaintiff was guilty of such contributory negligence as to defeat her cause of action for the defendant's negligence is issuable, under the facts alleged in the petition.

3. A pleader may, without subjecting his petition to demurrer, allege matters by way of general conclusion, where the specific facts upon which the conclusion rests are detailed with requisite definiteness.

Action for damages, from city court of Savannah—Judge Freeman. December 28, 1908.

Submitted February 25,—Decided April 15, 1909.

This case came to this court upon the sustaining of demurrers, general and special, to the plaintiff's petition. The substance of the plaintiff's petition is, that she went to the passenger station of the defendant in Savannah, in company with other relatives, to bid her brother adieu; that she and her immediate party were standing in the lobby of the station, near one of the gates which led from the general waiting-room to the train shed. A set of gates, constructed of transverse collapsible iron bars, shut off the crowd in the waiting-room from the train shed. It was a special occasion, and a large number of persons had gathered in the waiting-room, and were surging down in the direction of the gate, so that they might enter as soon as the guard stationed there should open the gate. A gentleman accompanied by two ladies shoved his way through the crowd and approached the gate. The guard made preparations to open it and permit the gentleman and the ladies to enter. The crowd to the rear of the plaintiff, seeing that the gate was about to be opened, and thinking that all who wished would be permitted to enter, surged forward and pushed against the plaintiff, and she was being pushed in the direction of the gate, when, for the purpose of lessening the blow which would ensue from the pushing of her body against the gate, she extended her left arm and hand, and placed it against the gate. While the plaintiff's hand was thus on the movable framework of the gate, "in plain view of the gatekeeper," he opened it violently, and, as the bars closed up, her thumb was caught between two of the bars, as if between the blades of a pair of shears, and was severely cut,

bruised, and crushed. She cried out, and the guard then closed the gate and released her thumb, and she pushed on through the gate.

The 8th paragraph of the petition, to which a special demurrer was sustained, is as follows: "Your petitioner shows that the said gatekeeper of said defendant company, in opening said gate while your petitioner was crushed up against the same, knew that to open the gate would be to inflict injury upon your petitioner. Said gatekeeper knew, or, in the exercise of ordinary care, should have known, that your petitioner's hand was on the gate at the time the same was opened, and recklessly disregarded your petitioner's safety and welfare." It is also alleged in the petition, in general terms, that the plaintiff was in the exercise of due and ordinary care, and did not contribute to her injuries; also that she was at a place where she had a right to be and where the public was invited to come. The 12th paragraph of the petition, to which a special demurrer was sustained, is as follows: "Petitioner further shows that the injuries which she sustained were due entirely to the negligence and want of care of said defendant company, in that (1) the said gatekeeper, as the agent and employee of said defendant company, knew, or in the exercise of ordinary care should have known, that at the time he opened said gate your petitioner's body was crushed against the same, that she was unable to remove her hand from the surface of the gate or to prevent her body from pressing against the gate, because of the crush of the crowd to her rear; and, so knowing, the said agent and employee of said defendant company wilfully did that which was calculated to injure and damage your petitioner. (2) In that the said defendant railway company did not afford to your petitioner that protection which is due to the public while lawfully on the ground around its station; on the contrary, negligently and carelessly permitted her to receive injury, as above described, at the hands of its agent, servant, and employee."

The special demurrers were as follows: "1. Paragraph 8th of the petition, which alleges that defendant's gateman recklessly disregarded petitioner's safety and welfare, is the conclusion of the pleader, there being no facts recited in the petition to show that the defendant's agent wilfully and knowingly injured said petitioner. 2. Subdivision 1 of paragraph 12th of the petition, which

alleges that the defendant's agent wilfully did that which was cal-
culated to injure and damage petitioner, is the conclusion of the
pleader, there being no facts recited in the petition to show that
the action of defendant's agent was wilful. 3. Subdivision 2 of
said paragraph 12 of the petition, which alleges that the defendant
did not afford to petitioner that protection which was due to the
public around its station, but negligently and carelessly permitted
her to receive injury, does not allege or show what duty or care
was due to the petitioner under the law by the defendant; and be-
cause the allegation of said paragraph that she was negligently
and carelessly permitted to receive injury is the conclusion of the
pleader. 4. Defendant demurs specially to the last sentence, of
paragraph 7 of the petition, because the same does not state what
assistance she called on the gateman to render her, and because the
allegation therein that he treated her with indifference and seem-
ing anger is the mere conclusion of the pleader." The court sus-
tained the 1st, 3d, and 4th special demurrers, and also the general
demurrer, and dismissed the petition. To this ruling the plaintiff
excepts.

*Oliver & Oliver,* for plaintiff.

*Lawton & Cunningham, H. W. Johnson,* for defendant.

POWELL, J. (After stating the foregoing facts.)  Under the
allegations of the petition, the plaintiff was on the premises of the
defendant as an invited guest, and the defendant owed her the
duty of exercising toward her ordinary care and diligence to secure
her safety. *Mandeville Mills* v. *Dale, 2 Ga. App.* 607 (58 S. E.
1060); Civil Code, §3824; *Rollestone* v. *Cassirer, 3 Ga. App.* 161
(59 S. E. 442). The brief of the counsel for the defendant in
error, and the opinion of the trial judge contained in the record,
present the proposition that the petition is defective, in that the
gateman's knowledge of the presence of the plaintiff's hand upon
the gate is alleged in the alternative,—that "he knew or in the ex-
ercise of ordinary care should have known that the petitioner's
hand was upon the gate at the time the same was opened;" and
that this allegation, under a familiar rule of construction, will be
held to mean simply that it was the gateman's duty to know and
not that he actually did know. See *Southern Bell Tel. Co.* v.
*Starnes,* 122 *Ga.* 604 (50 S. E. 343); *Babcock Lumber Co.* v.
*Johnson,* 120 *Ga.* 1030 (48 S. E. 438). It is true that when a

petition, in alleging the element of the knowledge of the defendant or his agent, as one of the ingredients of the negligence complained of, leaves it doubtful whether the knowledge was actual or constructive, the petition as a whole must set up such a state of facts as prima facie will show a duty (arising from the relationship existing between the parties as asserted, or from the particular circumstances surrounding the transaction) that the defendant or his agent should have known. In other words, to state it differently, in that class of cases in which the duty of anticipation is normally absent, the plaintiff, in order to assert a valid cause of action, must state unequivocally that the defendant had actual knowledge, or else must set up such a state of facts and circumstances as would take the case out of the normal, and raise the duty where it otherwise would not exist. We think that the present petition does this. Normally, perhaps, a gatekeeper at a railway station would not be called upon to anticipate that any one standing near the gate would have his hands on it. But circumstances alter cases. Under the petition this was not a normal or ordinary occasion. A crowd of people were surging down the lobby toward the gate. The plaintiff in front of them was being pushed against the gate. The conduct of persons jostled about in a crowd is not usually the same as it would be under normal circumstances. Gatekeepers, guards, trainmen, and others whose movements are to be performed in the range of a crowd of people must of necessity use more caution than they would at other times. It is alleged that the plaintiff's hand was upon the gate in plain view of the gateman. The plaintiff's person was about to be crushed against the gate; and the crowd was pressing her on. It will not do to say that under such circumstances the gatekeeper acted prudently and without negligence in opening the gate without stopping to see whether he could do so without injury to the plaintiff or others who might be pressed up against it. If the allegations of the plaintiff's petition be true (and, of course, on demurrer, their truth is admitted), the gateman's conduct was not only negligent but it was reckless.

2. It is said, however, that the plaintiff's cause of action fails because of her contributory negligence in placing her hand upon the gate. To our minds this is a more doubtful proposition than the one we have just discussed. It would seem that a person of

ordinary intelligence and prudence would not place his hand upon a collapsible iron gate about to be opened, when the opening of it would probably inflict injury upon the hand.  As we have said above, however, the plaintiff was not acting under ordinary circumstances.  It became necessary for her to throw out her hands, in order to keep her body from being crushed against the gate. We are unwilling to say as a matter of law that she went beyond the limits of common prudence in doing this.  She may have reasonably believed that if she threw her hand upon the gate in plain view of the gateman, he would desist from his previously manifested purpose of opening the gate, until she had opportunity of extricating herself from the position in which the crush of the crowd had involved her.  A person threatened with an imminent danger is not held to the same circumspection of conduct that he would be held to if he were acting without the compulsion of the emergency.  A person has a right to choose even a dangerous course, if that course seems the safest one under the circumstances. Our conclusion is that the question of the plaintiff's contributory negligence is issuable, and, under the facts stated in the petition, it should be submitted to the jury.

3. As to the special demurrers: the first, which relates to the 8th paragraph of the petition, was not well taken.  The facts alleged seem to support the conclusion asserted.  The conclusion of the pleader is demurrable only when the facts alleged do not support it.  For a like reason, the sustaining of the second special demurrer was erroneous.  We find no error in the court's action in sustaining the fourth special demurrer.            *Judgment reversed.*