### 14402. McPherson v. Capuano & Co. *et al.*

BELL, J. 1. "Persons who engage in the business of furnishing food for consumption by man are bound to exercise care and prudence respecting the fitness of the articles furnished, and they may be held liable in damages, if, by reason of any negligence on their part, corrupt or unwholesome provisions are sold and persons are made ill thereby. . . It is not necessary to aver that the defendant knew of the injurious quality. It is sufficient if it appears that he ought to have known of it, and was negligent in furnishing unwholesome food, by reason whereof the plaintiff was injured." 11 R. C. L. 1118, § 25; Civil Code (1910), § 4460. This is not to hold that a person engaged in the business of serving foods for human consumption is an insurer of the wholesomeness of

the food, for he is liable "in case of injury to a patron from the consumption of deleterious food so furnished . . only where there was a failure to exercise reasonable care in respect to its quality and preparation." *Rowe* v. *Louisville & Nashville R. Co.*, 29 *Ga. App.* 151 (113 S. E. 823). Irrespective of whether or not in a case like the present, where the food complained of was not served in the restaurant but purchased by the plaintiff and carried away to be eaten, the case might have been laid upon the theory of a breach of implied warranty, the plaintiff did not so lay it. He seeks a recovery upon the theory of negligence, and the principle governing liability, under the petition, is the same as declared in the case just cited.

2. While proof by one claiming to have been injured by eating food furnished to him at a public restaurant or "delicatessen," merely that he ate the food and in consequence became sick, would not, without more, establish the averment that the food was unwholesome (compare *Wiedman* v. *Keller*, 58 Ill. App. 382; *Sheffer* v. *Willoughby*, 163 Ill. 518, 34 L. R. A. 464; 11 R. C. L. 1121, § 26), yet where, as in the instant case, the testimony of the plaintiff tended to show that after a long prior condition of good health he partook of an ordinary meal between 2 and 3 o'clock in a certain afternoon, and received into his stomach no other food until between 10 and 11 o'clock in the evening thereafter, when, feeling in a normal condition, he purchased and consumed the barbecued sandwich alleged to have been unwholesome, that within one or two hours thereafter he became suddenly and violently ill, and that he had theretofore frequently eaten such sandwiches under similar circumstances without any discomfort or harmful results, and where the testimony of one physician, in conjunction with the testimony of the plaintiff, would have authorized the inference that the sudden illness was caused by the eating of the sandwich, which, as the jury could have found from the testimony of another physician, would not have produced the illness if the sandwich had been wholesome, such evidence was sufficient to make a prima facie case in favor of the plaintiff against the defendant restaurant keeper.

3. Where in such case it is shown that the plaintiff suffered injury from eating unwholesome food prepared and furnished to him by the defendant restaurant keeper, and the evidence by which the food is shown to have been unwholesome does not negative the defendant's negligence, it is error to grant a nonsuit on the ground that negligence of the defendant is not shown. Where the plaintiff establishes the unwholesome quality of the food, with injury from its consumption, these facts in themselves would sufficiently speak of the defendant's negligence to make a prima facie case; and until the defendant is exonerated, the jury would be authorized to apply the maxim res ipsa loquitur, and to find such issue in favor of the plaintiff. *Chenall* v. *Palmer Brick Co.*, 117 *Ga.* 106 (3) (43 S. E. 443); *Sinkovitz* v. *Peters Land Co.*, 5 *Ga. App.* 788 (2) (64 S. E. 493); *Stamps* v. *Newton County*, 8 *Ga. App.* 229 (4) (68 S. E. 947); *Payne* v. *Rome Coca-Cola Bottling Co.*, 10 *Ga. App.* 762 (73 S. E. 1087); *Davis* v. *Savannah Lumber Co.*, 11 *Ga. App.* 610 (5) (75 S. E. 986); *Commerce Coca-Cola Bottling Co.* v. *Farabee*, 17 *Ga.* *App.* 487 (2) (87 S. E. 720); *Bradfield* v. *Atlanta Coca-Cola Bottling Co.*, 24 *Ga. App.* 657 (101 S. E. 776); *Atlanta Coca-Cola Bottling Co.* v.

*Danneman,* 25 *Ga. App.* 43 (1) (102 S. E. 542); Civil Code (1910), § 5743.

4. Under the rulings made above, the plaintiff's evidence was sufficient to carry the case to the jury, and the judgment of nonsuit was error.

       *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 11, 1923. REHEARING DENIED JANUARY 21, 1924.

Action for damages; from Fulton superior court—Judge E. D. Thomas. January 4, 1923.

Application for certiorari was denied by the Supreme Court.

*Lawton Nalley, H. W. McLarty,* for plaintiff.

*Roy Lewis,* for defendants.