### 17429. COPELAND *v.* CURTIS.

The evidence as to injury from food furnished would authorize a jury to apply the maximum res ipsa loquitur in this case, and it was error to grant a nonsuit.

DECIDED DECEMBER 20, 1926.

Action for damages; from city court of Atlanta—Judge Reid. March 16, 1926.

Application for certiorari was denied by the Supreme Court.

Illness of the plaintiff was alleged to have been caused by ice cream and pork sandwiches wrapped at the defendant's store and sold to her there, and alleged by her to have been unwholesome and deleterious.

*Carl B. Copeland, G. N. Bynum,* for plaintiff.

*Dorsey, Howell & Heyman, Mark Bolding,* for defendant.

JENKINS, P. J. 1. This case is controlled adversely to the defendant, in whose favor a nonsuit was granted, by the ruling made by this court in *McPherson* v. *Capuano,* 31 *Ga. App.* 82 (121 S. E. 580). The proof in the instant case, going to show the deleterious character of the articles of food furnished to the plaintiff, consists not only of expert testimony somewhat similar to that offered in the *McPherson* case, but in the instant case there is additional testimony, going to show that similar food was furnished to a person other than the plaintiff at the same time, and that both the other person and the plaintiff were thereafter made ill in a similar manner. The defendant's contention that under the Civil Code (1910), § 4460, the plaintiff must allege and prove carelessness in furnishing deleterious food, resulting in injury to the customer partaking thereof, does not take the instant case from within the operation of the adjudication made in the *McPherson* case. While negligence on the part of the defendant must

---

Appeal and Error, 4 C. J. p. 939, n. 22, 23; p. 944, n. 83.
Food, 26 C. J. p. 784, n. 78; p. 788, n. 41, 42, 43.
Negligence, 29 Cyc. p. 592, n. 98.

be alleged and proved, yet "where the plaintiff establishes the *unwholesome quality of the food* [italics ours], with injury from its consumption, these facts in themselves would sufficiently speak of the defendant's negligence to make a prima facie case; and until the defendant is exonerated, the jury would be authorized to apply the maxim res ipsa loquitur, and to find such issue in favor of the plaintiff." *McPherson* v. *Capuano,* supra. Such a prima facie case can be established by proof of surrounding facts and circumstances. See *Atlanta Coca-Cola Bottling Co.* v. *Danneman,* 25 *Ga. App.* 43 (102 S. E. 542). The rule in force in this State as applicable to cases such as disclosed by the facts of the present record does not have application where goods are purchased from a reputable dealer and sold in the original package. See, in this connection, *Fleetwood* v. *Swift,* 27 *Ga. App.* 502 (108 S. E. 909). Under the doctrine announced in the *McPherson* case, it was error to grant a nonsuit, and under the allegations and proof the case should have been submitted to the jury for determination.

2. A cause of action having been set forth by the original petition, the striking of certain paragraphs of the amendment, as complained of in exceptions pendente lite, was harmless to the plaintiff.

*Judgment reversed. Stephens and Bell, JJ., concur.*