22322. MADDOX COFFEE COMPANY *v.* COLLINS.

DECIDED DECEMBER 31, 1932.

*Jones, Fuller, Russell & Clapp, Douglas M. Orr,* for plaintiff in error.

*John W. Crenshaw,* contra.

HOOPER, J. (After stating the foregoing facts.) There are various forms of actions which may be brought to recover for injuries sustained by reason of the sale of unwholesome or deleterious food products, and this petition must, if possible, be given that construction which will sustain the suit. See *Benjamin-Ozburn Co.* v. *Morrow,* 13 *Ga. App.* 636 (79 S. E. 753). We arrive at the nature of this action by process of elimination. It is not an action identical with those actions against a restaurant or café, as illustrated by *Roe* v. *Louisville & Nashville Railroad Co.,* 29 *Ga. App.* 151 (113 S. E. 823), *McPherson* v. *Capuano,* 31 *Ga. App.* 82 (121 S. E. 580), and cases of like character, although they too are predicated on negligence. We do not construe the action as being brought under the Civil Code, § 4460, which provides that "A person who knowingly or carelessly, sells to another unwholesome provisions of any kind, the defect being unknown to the purchaser, and damage resulting to the purchaser, or his family, or his property, shall be liable in damages for such injury." Neither do we contrue this action as one brought under § 4135 of the Code upon an implied warranty as to the wholesomeness of the food product, for the petition expressly alleges negligence upon the part of each defendant. We therefore conclude that the action is in effect a common-law action for negligence such as that involved in the case of *Fleetwood* v. *Swift,* 27 *Ga. App.* 502 (108 S. E. 909).

Counsel for the defendant earnestly contend that its demurrer to the plaintiff's petition should have been sustained for the reason: "1. That defendant Besser had an opportunity to inspect the coffee after it arrived at his store, and was negligent in failing so to do, and such negligent omission was an intervening cause which relieved defendant, Maddox Coffee Company, of any liability. 2. That the plaintiff used this coffee as a food, which said use was not the proper or foreseeable use for which said coffee was prepared, and said act of eating rather than drinking said product was an intervening act of contributory negligence, preventing any recovery against Maddox Coffee Company." These questions will be discussed in the foregoing order.

The first contention of the manufacturer is to the effect that the negligent omission of the retailer to inspect the coffee was such an intervening cause of plaintiff's injuries as to relieve the manufacturer of liability. We do not conceive such to be the law. Section

4509 of our Civil Code provides that "If the damages are only the imaginary or possible result of the tortious act, or other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote to be the basis of recovery against the wrong doer." In 1 Jaggard on Torts, 72 et seq., the rule is thus stated: "A person may be liable although the intervening agency was a conscious, responsible person. . . It may be a wrongdoing third person. The intervening wrongdoer may be merely negligent or may act wilfully and maliciously. Thus, if the owner leaves a horse and cart standing in the street, and a third person strike the animal, causing him to run away or otherwise do damage, the owner is liable." As an illustration the foregoing authority cites the case of Murdock v. Walker, 43 Ill. App. 590, in which it was held that a physician who makes a mistake in a prescription may be liable for damages consequent, although the druggist who filled it was also negligent. It will be noted that plaintiff charges negligence against both the retailer and the manufacturer. In the case of *Fleetwood* v. *Swift,* supra, it is pointed out that "as to hidden imperfections the consumer must be deemed to have relied on the care of the packer or manufacturer or the warranty which is held to be implied by the latter." If in this case the foreign substance in the coffee was so latent that the retailer in the exercise of ordinary care did not discover it, then only the manufacturer would be liable. If the foreign substance should have been discovered in the exercise of ordinary care by the retailer, but was not so discovered, then both the manufacturer who put the dangerous article upon the market and the retailer who sold it to the plaintiff would be liable for the consequent injuries as joint tort-feasors, as the injury could not have been inflicted except for the negligence of both defendants.

The second ground of general demurrer presents a more doubtful question than that above discussed. Was the injury to plaintiff a natural consequence of defendant's negligence, or was it too remote to authorize a recovery? Under the code section above cited, if the damages are only the imaginary or possible result of the tortious act, they are too remote to be the basis of recovery. As stated by our Supreme Court, "The rule is that in order to recover for an injury alleged to have resulted from the negligence of another, the injury must be the natural and probable consequence of

the negligence, or as otherwise stated, the wrong and the resulting damage must be known by common experience to be naturally and usually in sequence." *Mayor &c. of Macon* v. *Dykes,* 103 *Ga.* 847, 848 (31 S. E. 443), and cit. Had plaintiff used this coffee as a drink in the usual and customary manner, and in so doing and without negligence on his own part swallowed the glass therein contained, his right to recover, under the allegations of the petition, for the resulting injuries would be clear. But the ground coffee, according to plaintiff's allegations, was not used for its generally accustomed purpose. Had it been so used it may be that the glass would have settled to the bottom of the coffee-pot, percolator, or coffee-cup, and injury might not have resulted. The question we are here dealing with is whether, under the allegations of plaintiff's petition, the injuries actually received by plaintiff were "the natural and probable consequence" of this defendant's negligence. In other words, is it natural and probable that the purchaser of ground coffee should eat it as a food, and is the manufacturer bound to anticipate such a use of the product as to take reasonable precautions to prevent such a use from resulting in injury? Ordinarily such a question comes peculiarly within the province of the jury, and it is well established that only in clear cases will this court on demurrer resolve such questions as a matter of law. See *Martin* v. *McAfee,* 31 *Ga. App.* 690 (2-a) (122 S. E. 71), and cit. We think this case falls properly within the province of the jury, though on the very outskirts of the jury's dominion. While the eating of coffee grounds is, to the minds of this court, an unusual practice, we will not assume to rule as a matter of law that such a use of ground coffee is so unusual or improbable that the coffee manufacturer may disregard it altogether, and we leave that as an issue of fact in the case, to be decided by the jury under proper instructions from the trial judge.

The trial judge did not err in overruling the general demurrer filed by defendant Maddox Coffee Company to plaintiff's petition.

*Judgment affirmed. MacIntyre, J., concurs. Broyles, C. J., concurs in the judgment.*