29222. PERRY *v.* READY MIX CONCRETE CONSTRUCTION CO.

DECIDED MARCH 6, 1942.

*Joseph O. McGehee,* for plaintiff.

*Swift, Pease, Davidson & Swinson,* for defendants.

SUTTON, J. Walter Perry filed a suit against Georgia Power Company and Ready Mix Concrete Construction Company in which it was alleged in the petition as amended: The Georgia Power Company is a public utility corporation and in connection with the operation of its business in the sale and distribution of inflammable gas, has laid gas pipe lines under the surface of the various streets of Columbus, Georgia, and in some instances underneath the surface of various lots of land in said city. In furtherance of its gas business it laid or placed what is known as a main pipe line

underneath the surface on Hamilton Avenue between Eighteenth and Nineteenth Streets and, for some reason unknown to the plaintiff, a gas pipe line connected with the main pipe line of Hamilton Avenue was placed, running or extending in an easterly direction into and underneath the surface of the lot located at the southeast intersection of Hamilton Avenue and Nineteenth Street. The gas pipe line extending into said lot was connected with the said main line on Hamilton Avenue six years previously, which said pipe line was placed eighteen inches below the surface of the ground and extended into the said lot about fifty feet, and is what is known as a dead-end pipe, in that after extending a certain length into the lot the east end of the gas pipe was capped or closed so that gas could not escape from the east terminus. The said pipe line extended into the lot a distance of fifty feet and the east end was capped about four years ago. For three years the gas pipe line, which extended from the main line on Hamilton Avenue, served no purpose and had not been in use during such period of time. The lot above referred to fronts on the east side of Hamilton Avenue a distance of approximately 100 feet and fronts on the south side of Nineteenth Street a distance of approximately 70 feet. The owner of the lot employed the Ready Mix Concrete Construction Company, defendant herein, as an independent contractor to grade or level the surface of the lot located at the intersection of Hamilton Avenue and Nineteenth Street, and the said construction company began the operation of grading and leveling the surface of the lot and was so engaged on November 21, 1940. In doing so it used what is known as a steam shovel, which was so constructed that a large shovel connected on the end of an arm would dig down in the earth or ground and remove large quantities of dirt, sand, or gravel. Previously to about 2:30 o'clock on November 21, 1940, the said steam shovel struck and came into contact with the pipe line hereinbefore mentioned, and the force of such broke the said pipe line, causing inflammable gas to escape therefrom. At about 2:30 o'clock on November 21, 1940, the plaintiff was walking north on the street on the east side of Hamilton Avenue adjacent to the lot where the said steam shovel was in operation, and had reached a point about middle way of the said lot when he struck a match for the purpose of lighting a cigarette. When the match was struck the flame ignited the escaping gas which exploded, resulting

in a sheet of flame which encompassed and surrounded the head and shoulders of the plaintiff and he was severely burned as described in the petition. The Georgia Power Company was guilty of negligence in placing the said pipe line on the lot wherein were explosive gases, and also guilty of negligence in not removing the said pipe line from the main pipe line on Hamilton Avenue and in not capping or closing said pipe after it was not in use at the point where it entered the said lot. The Georgia Power Company knew of the existence of said pipe line extending into the lot and containing explosive gases, and also knew that the defendant, Ready Mix Concrete Construction Company, was engaged in grading and leveling the lot, by reason of the fact that the construction was in operation on a main corner lot in the City of Columbus and the work was, and could have been, seen by the employees of the company, and it was its duty to give notice to the Ready Mix Concrete Construction Company that the said pipe line, containing the gas, was located on the lot, and it was its further duty to disconnect the pipe line. The Ready Mix Concrete Construction Company was guilty of negligence in operating the steam shovel in such a manner or way that it came in contact with the pipe line, resulting in crushing or breaking the same, and knew or should have known of the existence of the pipe line on the lot by the exercise of ordinary care and caution, and when the pipe line was broken it failed to give any warning or notice of the escaping gas. In the regular course of its business of grading, surfacing, and leveling lots or plots of ground, it knew that pipe lines were laid or placed underneath the surface of the ground on various and sundry lots in the City of Columbus, and that in using a steam shovel it would come in contact with such pipe line, and it knew or should have known that the pipe lines were used for carrying high and dangerous explosive gases, and it knew or by the exercise of ordinary care and diligence could have known of the existence of the pipe line on the lot and that the employees or operators of the steam shovel, due to the universal use and consumption of gas by the public, should have anticipated the presence of gas pipe lines on the lot, and it was their duty to have anticipated such, and the failure to so anticipate the presence of the pipe line carrying the explosive gases showed lack of such care and caution. It was the duty of the operator of the steam shovel to so operate it as to prevent the breaking

of the pipe line and to further prevent the escaping of inflammable and explosive gases so as to avoid inflicting injury or injuries to the plaintiff and others. The Georgia Power Company was particularly negligent in permitting the pipe line to remain on the lot containing the said gas when it was not in use; in closing the end of the pipe line at the end of the east terminus when it should have been closed at the west terminus; in failing to remove the pipe line from the lot; in failing to give the Ready Mix Concrete Construction Company notice of the said pipe containing explosive gas. The Ready Mix Concrete Construction Company was negligent in operating the steam shovel in a reckless and dangerous manner wherein the pipe line was broken, permitting gas to escape therefrom; in failing to give warning to the plaintiff and others that explosive gases were escaping; in failing to exercise care and caution to prevent the breaking of the pipe line; in failing to ascertain if there were any pipe lines carrying inflammable and explosive gases; in failing to anticipate the presence of such pipe lines on the premises. The injuries of the plaintiff were caused by the negligence on the part of the agents, servants, and employees of the defendants. Judgment was prayed in the sum of $2500.

Subsequently the plaintiff dismissed the Georgia Power Company as a defendant, but did not strike any of the allegations of the petition as amended. The court then sustained a general demurrer of the defendant, Ready Mix Concrete Construction Company, to the petition as amended, and the exception here is to that judgment.

The petition charges the defendant with negligence in operating a steam shovel on the lot in question "in such a manner" that it came in contact with a pipe line containing explosive gases, which it describes as a negligent act in that the defendant failed to anticipate the presence of the pipe line, and should have so operated the steam shovel as to prevent the breaking of the pipe line and the escape of inflammable and explosive gas; that it was negligent in failing to warn the plaintiff and others that explosive gases were escaping and in failing to exercise ordinary care and caution to prevent the breaking of the pipe line. It alleges no actual knowledge by the defendant of the pipe line, but avers that it knew or in the exercise of ordinary care should have known of the existence of the pipe line on the lot, alleging that in the regular course of

its business of grading, surfacing, and leveling lots or plots of ground it knew that pipe lines were laid underneath the surface of the ground "on various and sundry lots in the City of Columbus," and that in using a steam shovel it would come in contact with such a pipe line carrying high and dangerous explosive gases, and knew or by the exercise of ordinary care and caution could have known of the existence of the pipe line on the lot in question, and that its employees or operators of the steam shovel, due to the universal use of gas by the public, should have anticipated the presence of a gas pipe on the lot, as was their duty to do, and the failure to so anticipate showed lack of care and caution, it being the duty of the operators of the shovel to so operate it as to prevent the breaking of the pipe line and further prevent the escape of inflammable and explosive gas.

Of course, the right to recover of the defendant depends upon the existence of three facts: (a) A legal duty resting on the defendant towards the plaintiff; (b) the violation of that duty by the defendant; (c) injury and damage to the plaintiff proximately resulting from the breach of the defendant. The petition fails to show any duty owed by the defendant to the plaintiff. It did not own the lot and was under no general duty to know of the presence of a pipe line beneath the ground. The allegations of the petition charge at most only constructive or implied notice to the defendant as to the existence of the pipe line or as to its duty to anticipate. Such allegations, without facts showing why the defendant should have known of or should have anticipated the presence of the pipe line on the lot, are not good against general demurrer. *Smith* v. *Jefferson Hotel Co. Inc.*, 48 *Ga. App.* 596, 599 (173 S. E. 456). As was said in *Pacetti* v. *Central of Ga. Ry. Co.*, 6 *Ga. App.* 97: "In that class of cases in which the duty of anticipation is normally absent, the plaintiff, in order to assert a valid cause of action, must state unequivocally that the defendant had actual knowledge, or else must set up such a state of facts and circumstances as would take the case out of the normal, and raise the duty where it otherwise would not exist." See also *Fulton Ice Co.* v. *Pece*, 29 *Ga. App.* 507, 519 (116 S. E. 57). The allegation that the fact that the defendant knew that pipe lines with explosive gas were laid underneath the ground "on various and sundry lots in the City of Columbus" and that because of this knowledge

it should also have known of the existence of the pipe line under the lot in question is not, in our opinion, more than a conclusion, and is not sufficient to support the charge of constructive knowledge, especially when it is otherwise shown by the petition that there was no house, building, or structure on the premises to suggest the presence of a gas service pipe line. It further appears from the petition that no investigation less than actual digging could have detected the existence of a pipe line on the lot in question, it being eighteen inches underground. As evidencing that no gas was to be anticipated in the pipe line the allegation is made that the Georgia Power Company was negligent in not removing the pipe line, which it had placed on the lot, connected with its main pipe line system, six years theretofore, and also in not capping it or closing it at the point where it entered the lot, having merely capped or closed it at the eastern end or end of the pipe within the lot fifty feet from the street; that it knew that there were explosive gases in the pipe line on the lot and that the defendant was engaged in grading and leveling the lot, and that it was its duty to notify the defendant that the pipe line, containing inflammable and explosive gases, was located on the lot, and, furthermore, it was its duty to disconnect the pipe line. If, as alleged, it was the duty of the Georgia Power Company to remove the pipe or at least to cap it at its entrance into the lot, it could not have been expected of the defendant that it would anticipate that the Georgia Power Company had neglected its duty and that there were inflammable and explosive gases in a pipe line on the premises to be graded, and if, as alleged, it was the duty of the Georgia Power Company to notify the defendant that the pipe line with such gases was on the lot, and had not been removed, then the defendant could not be expected to anticipate or even suspect its presence there. "It is a fundamental principle of pleading that where a petition is susceptible of more than one construction, the construction most unfavorable to the pleader must be adopted." *Lowden* v. *Merchants and Miners Transportation Co.,* 20 *Ga. App.* 283, 286 (93 S. E. 45). Applying this rule of construction to the plaintiff's petition as amended, the allegations must be construed to mean that the defendant did not know of the existence of the pipe line with inflammable and explosive gases and there was nothing present to put it on notice of the existence of the pipe line. If the defendant be charged with notice of the pipe line

with gases, notice by the Georgia Power Company would have been unnecessary. The petition fails to show, too, that the defendant knew that it had broken any pipe or that any gas was escaping therefrom, and does not charge any duty to know these things. Neither does it charge that the shovel was operated other than in the usual and customary manner of operating steam shovels. The petition shows no duty violated by the defendant towards the plaintiff. The court did not err in sustaining the defendant's general demurrer.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*