29824.   DUPEE *v.* GREAT ATLANTIC & PACIFIC TEA CO.

DECIDED MARCH 19, 1943.

*A. J. Whilehurst,* for plaintiff.   *Titus & Altman,* for defendant.

STEPHENS, P. J.   Mrs. Nancy P. Dupee instituted suit against the Great Atlantic & Pacific Tea Company, to recover damages which she alleged were suffered by her from injuries sustained as the result of eating some "souse meat or hogshead cheese" which she purchased from the defendant, and which was contaminated and spoiled.   It was alleged, that the defendant was engaged in the business of selling at retail meats and meat products; that on December 3, 1941, in the regular course of its business of selling such products at retail, the defendant at its retail store in Thomasville, Georgia, negligently and carelessly sold to the plaintiff a parcel of souse meat which was then and there unfit for consumption as food, and was injurious to the life and health of persons eating

it; that at the time the plaintiff purchased this meat she carefully looked at it, and it "appeared to be good sound meat;" that she inquired of the clerk who sold and delivered meat for the defendant if this meat was good fresh meat for eating, and he advised her that it was; "that all of the defects in said meat were latent and were not discoverable by the exercise of ordinary diligence;" that the plaintiff exercised ordinary diligence in inquiring as to the meat and its condition and in carefully inspecting it personally; that the facts that the meat was unfit 'for human food and contaminated, and that it was dangerous to the life and health of any person eating it, were unknown to the plaintiff; that she believed the meat was nourishing and food fit for human consumption; that she purchased it for the purpose of food for herself and family, which fact was known to the defendant; and that the plaintiff believed at the time she purchased the meat that it had been properly. inspected and passed as fit for human consumption, but such meat had not been inspected as required by an ordinance of the City of Thomasville, which fact was known to the defendant. The ordinance referred to provides that "it shall be unlawful for any meat or meat food products, except cured meats, to be sold, offered for sale, or served as food at a public eating-house in the City of Thomasville, unless such said meat or meat food products has been inspected, stamped, and approved by the city's inspector, or has been stamped or branded by the U. S. Government inspector." The plaintiff alleged that she ate some of the meat, and as a result she was made violently ill and suffered permanent injuries.

The defendant demurred to the petition, on the ground that no cause of action was set out. The judge sustained the demurrer, and the plaintiff excepted.

The ordinance makes it unlawful for any meat or meat food product, except cured meats, to be sold or offered for sale in the City of Thomasville, unless such meat has been inspected and stamped as provided in the ordinance. "Any person who knowingly or carelessly sells to another unwholesome products of any kind, the defect being unknown to the purchaser, by the use of which damage results to the purchaser or his family, shall be liable in damages for such injury." Code, § 105-1101. Persons who engage in the business of furnishing food for human consumption are bound to exercise due care and diligence respecting its fitness,

and they may be held liable in damages, if, by reason of any negligence on their part, contaminated and spoiled or unwholesome food is sold and persons are made ill and suffer damages as the result of eating such food. *McPherson* v. *Capuano,* 31 *Ga. App.* 82 (121 S. E. 580) ; *Southern Grocery Stores Inc.* v. *Donehoo,* 59 *Ga. App.* 212 (200 S. E. 335). It is not necessary that it appear from the petition that the defendant had actual knowledge that the food sold was unwholesome or spoiled and contaminated, but it is sufficient if it appears that the defendant ought to have known of the bad condition of the food. See 11 R. C. L. 1118, 1119, § 25. A finding would be authorized that if the defendant had complied with this ordinance and had· the meat inspected before selling it, its unwholesome and contaminated condition would have been discovered.

The present suit is not against the manufacturer of an unwholesome product which the plaintiff had purchased from the retail dealer, but is an action under the Code, § 105-1101, against a retail merchant for "knowingly or carelessly" selling an unfit food product. Nothing in *Armour & Co.* v. *Miller,* 39 *Ga. App.* 228 (147 S. E. 184), s. c. 169 *Ga.* 201 (149 S. E. 698), and similar cases requires a ruling contrary to the one here made. The petition was not predicated on a violation by the defendant of the statutory duty resting on it, as contained in the pure-food law of this State. Code, §§ 42-109, 42-115, 42-9901. *Donaldson* v. *Great Atlantic & Pacific Tea Co.,* 186 *Ga.* 870 (199 S. E. 213, 128 A. L. R. 456).

There is no merit in the contention of the defendant that souse meat or hogshead cheese comes within the exception in the ordinance of the City of Thomasville relating to "cured meats," and therefore would not have to be inspected and approved before sold to the public. The court erred in sustaining the general demurrer.

*Judgment reversed. Sutton and Felton, JJ., concur.*