33034.   YEO *v.* THE PIG AND WHISTLE SANDWICH
SHOPS INC.

Decided December 4, 1950.  Rehearing denied December 20, 1950.

94

*Miller & Head,* for plaintiff.

*Moise, Post & Gardner,* for defendant.

MacIntyre, P. J. ▮ Let us say from the beginning that, from a consideration of the allegations of the petition, we do not construe the petition as having been brought upon the theory that negligence per se is shown by a violation of the Pure Food Law (Code, § 42-101 et seq.) See, in that connection, *Donaldson* v. *Great Atlantic & Pacific Tea Co.,* 186 *Ga.* 870 (199 S. E. 213, 128 A.L.R. 456); *Armour & Company* v. *Miller,* 39 *Ga. App.* 228 (147 S. E. 184); *Southern Grocery Stores Inc.* v. *Donehoo,* 59 *Ga. App.* 212 (200 S. E. 335). There is no allegation that the food was adulterated or made unwholesome by the addition of putrid or deleterious matter. Nor do we construe the petition as having been brought upon the theory of an implied warranty as to the wholesomeness of the food under the provisions of Code § 96-301, for the petition expressly alleges *negligence* upon the part of the defendant. See, in that connection, *Maddox Coffee Co.* v. *Collins,* 46 *Ga. App.* 220 (167 S. E. 306). And, whether it is the better rule to hold a restaurateur, who furnishes unwholesome food to a person to such person's damage, liable to such person for *negligence and/or* for breach of an implied warranty to furnish wholesome food, as held in most of the jurisdictions today (see Cushing *v.* Rodman, 82 Fed. 2d, 865; Amdal *v.* Woolworth, 84 Fed. Supp. 658, for excellent discussions on the subject; and 7 A.L.R. 2d, 1027;

18 N. C. C. A. (N. S.) 573, for complete annotation), it is settled in Georgia that a restaurateur furnishing unwholesome food to one who is injured thereby is not liable upon the theory of a breach of an implied warranty. *Rowe* v. *Louisville & Nashville R. Co.*, 29 *Ga. App.* 151 (113 S. E. 823), and see F. W. Woolworth Co. *v.* Wilson, 74 Fed. 2d, 439, in which Judge Sibley, speaking for the Circuit Court of Appeals (Fifth Circuit), cites and relies upon the *Rowe* case, supra.

In the *Rowe* case it is said that at common law there was no implied warranty of the quality of food furnished by a restaurant keeper to a customer for immediate consumption since the transaction was considered not to constitute a sale but the rendition of a service, but, the court went on to say, "even conceding that under the changed conditions of the present day the owner of a restaurant . . does *sell* the food which his customer orders and eats, and that the customer becomes the owner of the food and can do as he pleases with it, section 4460 of the Civil Code (1910) [Code, § 105-1101], excludes the idea of an implied warranty in such a case, and makes the liability of the owner depend upon negligence, the language of the section being as follows: 'A person who knowingly or carelessly sells to another unwholesome provisions of any kind, the defect being unknown to the purchaser, and damage resulting to the purchaser, or his family, or his property, shall be liable in damages for such injury.' "

The question for determination narrows therefore to whether the allegations of negligence in the petition, either before or after the special demurrers were sustained and the indicated portions of the petition were stricken, were sufficient as against general demurrer?

The plaintiff alleged that, the food served him by the defendant was "spoiled, unwholesome, deleterious, and unfit for human consumption"; he had been in good health prior to eating the food in question; he became violently ill 45 minutes or an hour immediately following the meal in question; he had eaten nothing thereafter; he had eaten nothing unusual at meals earlier in the day; he had eaten, on other occasions, the same foods partaken of at the meal in question without ill effect; and that the unwholesome food served him was the proximate cause of

his illness; and that the "defendant was negligent in serving such food, and knew, or ought to have known, of its unwholesome character as aforesaid." These allegations are sufficient as showing that the food was unwholesome and that the plaintiff's eating of it was the proximate cause of his illness; and the allegation that the defendant was negligent in serving unwholesome food when he ought to have known of its unwholesome character is not, as against a general demurrer, a conclusion of the pleader. In *Howard* v. *Phillips*, 44 *Ga. App.* 233 (161 S. E. 163), it is held: "A petition charging the defendant with negligence in selling impure food as wholesome food, thereby causing injury to petitioner's health, need not set out specific acts of negligence on the part of the defendant, *in order to withstand the test of a general demurrer;* but, as in the instant case, such general allegations as that the defendant was negligent in selling such food when he knew or by the exercise of ordinary care could have known that this would result in injury to the plaintiff, and that the defendant was negligent in selling impure food as wholesome food, as a result of which the plaintiff was injured, are, in such circumstances to be deemed sufficient in law." While an allegation that one "knew or ought to have known" of the unwholesome quality of the food he served is not an allegation of positive or actual knowledge, but, on demurrer, is to be construed as alleging only constructive knowledge (*Pacetti* v. *Central of Georgia Ry. Co.*, 6 *Ga. App.* 97 (1), 64 S. E. 302; *Perry* v. *Ready Mix Concrete Const. Co.*, 66 *Ga. App.* 716, 19 S. E. 2d, 196), it is not necessary in a case such as the present one to aver that the defendant actually knew, or had positive knowledge, of the unwholesome quality of the food. Thus, the general averment that the defendant was negligent in serving unwholesome food to the plaintiff which resulted in his illness and damage, is sufficient against the general demurrer, even when the allegations of knowledge are stricken from the petition. The special demurrers which were sustained did not call upon the plaintiff to specify the details of the defendant's negligence, but to specify why the defendant "knew or ought to have known" of the unwholesome character of the food. See, in this connection, *McPherson* v. *Capuano*, 31 *Ga. App.* 82 (121 S. E. 580); *Dupee* v. *Great Atlantic & Pacific Tea Co.*, 69 *Ga. App.* 144 (24

S. E. 2d, 858). It follows that the court erred in sustaining the general demurrer.

■ All of the special demurrers which were sustained objected to the plaintiff's allegations that the defendant "knew or ought to have known" of the unwholesome quality of the food as being a conclusion of the pleader, and will be considered here together. While, as we have said in the foregoing division of the opinion, the allegations are sufficient to show that the food served the plaintiff was unwholesome and that the eating thereof caused the plaintiff's injuries and damage, these allegations fail to show how or why the defendant knew or ought to have known the food was unwholesome, which information was called for by the defendant's special demurrers, and in view of the plaintiff's failure to amend to meet these special demurrers, the court did not err in striking those portions of the petition which alleged as a conclusion that the defendant knew or ought to have known of the unwholesome character of the food.

*Judgment reversed. Gardner and Townsend, JJ., concur.*

## On Motion for Rehearing.

MacIntyre, P. J. In their motion for rehearing, which is exceedingly well prepared, counsel attempt to point out that the court has enunciated "two entirely new principles of law: (A) That in a common-law action of negligence against a restaurateur for serving unwholesome food, it is not necessary, as against general demurrer, to allege any knowledge on his part of the unwholesomeness of the food; [and] (B) That the striking of the portion of a sentence wherein negligence is particularized converts the remaining fragment of the sentence into an allegation of general negligence; to be exact, the striking of the underscored portions of the following sentences left the remaining portions thereof as allegations of general negligence:

"Defendant was negligent in serving such food, *and knew, or ought to have known of its unwholesome character as aforesaid,* so as to prevent the injuries caused plaintiff by such food.

"Plaintiff further shows that defendant was negligent in serving to plaintiff such unwholesome, deleterious and harmful food for that defendant *knew or ought to have known of the condition and unwholesome character of said food.*"

■

We have carefully considered the first of counsel's contentions, (A), made in the motion for rehearing and have carefully reconsidered each of the cases cited upon this point. We think that it is unnecessary to add anything to what has been said in the opinion upon this point.

As to the second contention of counsel, (B), made in the motion for rehearing, we feel constrained to say that we are much impressed with the excellence and beauty of counsel's logic when it is applied to the *second sentence* of the two which counsel sets out in contention (B) and which we have quoted above. This sentence is unmistakably the allegation made in paragraph 31 of the plaintiff's petition and it is true that were this the only allegation wherein the plaintiff sought to charge the defendant generally with negligence, the allegation would be woefully inadequate with the italicized portion stricken, as it was on special demurrer. The allegation without the italicized portion would be meaningless, for to say that a defendant "was negligent in serving to plaintiff such unwholesome, deleterious and harmful food for that defendant . ." would require an addition—an extrapolation so to speak—which this court is not authorized to supply.

The allegation of negligence contained in that sentence is not, however, the only one in the petition which seeks to charge the defendant generally with negligence. In paragraph 5 of the petition the plaintiff alleges: ". . . Defendant was negligent in serving such food, *and knew or ought to have known, of its unwholesome character as aforesaid, so as to prevent the injuries caused plaintiff by such food,*" and the italicized portion of that sentence was stricken on special demurrer, leaving the simple, direct allegation that the defendant was negligent in serving such food, and that allegation *is* meaningful and requires no greater specificity to stand invincible before a general demurrer. We do not recognize the origin of counsel's *first* sentence in contention B of the motion for rehearing, which we have quoted above. The exact words of that sentence have not been found by the court in the plaintiff's petition. And, applying the well-known rule of construction of petitions as against a general demurrer, if any part of the petition is good, that is, states a cause of action, the petition will not be dismissed, we

adhere to our original decision that the petition was not subject to general demurrer.