## 34212. SIANO CONSTRUCTION COMPANY INC. *v.* CITY OF ATLANTA.

DECIDED SEPTEMBER 26, 1952.

830

McFarland & Cooper, for plaintiff in error.

J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin, Henry L. Bowden, contra.

WORRILL, J. (After stating the foregoing facts.) The judge of the trial court, the Honorable Ralph H. Pharr, in sustaining the general demurrer of the City of Atlanta, wrote an opinion in which he so clearly and adequately shows the imperfections of the petition as amended that we set it forth here and adopt it as the opinion of this court in holding that the trial court did not err in sustaining the general demurrer and dismissing the action as to the city. After briefly stating the issue, the court proceeded as follows: "It is alleged in paragraph 21 that the city ought to have known that the sleeve casting would have a latent defect. Unless some facts are alleged which would give rise to the duty to know of a latent defect this allegation is simply a conclusion of the pleader. See *Pacetti* v. *Central Ry. Co.*, 6 *Ga. App.* 97 (1) [64 S. E. 302]. From a careful examination of the pleadings I am unable to find any allegations from which a duty to know of latent defects is imposed upon the city. (While such a duty might arise under the contract, this is not an action on the contract and the provisions of the contract are not set forth.) Ordinarily, liability is not imposed for damages resulting from latent defects which could not have been discovered by the use of ordinary care and diligence, where such defects were not the result of negligence of the party sought to be held liable. See *City of Columbus* v. *Anglin*, 120 *Ga.* 785, 786 (1) [48 S. E. 318]. In paragraph 15 it is alleged that the defects in the sleeve 'were latent and would not be discovered

upon reasonable inspection by the city.' There is, therefore, no basis for charging the city with notice or knowledge that the sleeve was or likely to be defective. Construing the pleadings in the manner required by law, it appears from the allegations of amended paragraph 6, paragraph 17, and amended paragraph 16 that a properly constructed sleeve would withstand the stress, pressure and strain of uneven tightening of bolts and nuts. If under ordinary circumstances (use of properly constructed sleeves) uneven tightening of bolts and nuts would not be hazardous or result in damage, then how can it be said that such uneven tightening is negligence? To state it another way—if uneven tightening of bolts and nuts results in hazard or damage only when the sleeve is latently defective and nothing is alleged to charge the city with notice of latent defectiveness, would the city be bound to tighten bolts and nuts evenly in all cases? Assuming as true that the alleged uneven tightening was the cause or contributed to the cause of the breaking and damage in the case, such could not impose liability upon the city unless such uneven tightening was negligence. This being an action in tort, damage without negligence would not impose liability. If uneven tightening is not negligence under ordinary circumstances, it could not be negligence here. It being clear from the allegations of plaintiff's petition that under ordinary circumstances uneven tightening would not be negligence, the petition, therefore, fails in that particular. Since it is held that uneven tightening is not negligence under the circumstances alleged, I do not see how a failure to inspect the tightening can be construed to be negligence. If the inspection would have disclosed the uneven tightening, but the uneven tightening was not negligence, then the failure to inspect could not be negligence. It is ordered, therefore, that the renewed general demurrer of defendant, City of Atlanta, to the plaintiff's amended petition is sustained and the case is dismissed as to the City of Atlanta."

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*