### 41387. RAY v. DEAS.

FRANKUM, Judge. 1. "Any person who knowingly or carelessly sells to another unwholesome provisions of any kind, the defect being unknown to the purchaser, by the use of which damage results to the purchaser or his family, shall be liable in damages for such injury." *Code* § 105-1101. It has been held, in applying the principles enunciated by this Code section, that one who negligently furnishes food or drink containing a foreign substance which causes injury or damage to the consumer thereof may be held liable therefor. *Watson v. Augusta Brewing Co.,* 124 Ga. 121 (52 SE 152, 1 LRA (NS) 1178, 110 ASR 157); *Bailey v. F. W. Woolworth, Inc.,* 106 Ga. App. 264 (126 SE2d 686). Count 1 of the petition which alleges that the plaintiff was a customer of the defendant restaurateur; that the defendant served or delivered to the plaintiff a hamburger sandwich; that the plaintiff, while in the acting of consuming the sandwich, sustained an injury when she bit into a hard unyielding substance contained in the sandwich which broke one of her teeth, and thereby resulted in specified damages to her; that the defendant was negligent in failing to properly inspect the ingredients of the sandwich, and that this negligence was the proximate cause of the plaintiff's injuries and damages sued for, stated a cause of action as against the defendant's general demurrer filed thereto. In a case of this kind actual knowledge on the part of the defendant of the presence in the food of the thing or quality which results in damage to the plaintiff is not essential, provided the plaintiff alleges and proves negligence on the part of the defendant in preparing the food. In such a case as against a general demurrer, mere general averments

192

of negligence are sufficient. *Yeo v. Pig & Whistle Sandwich Shops*, 83 Ga. App. 91, 96 (1) (62 SE2d 668). Count 1 of the petition stated a cause of action against the defendant, and the trial court did not err in overruling the general demurrer thereto.

2. Prior to the enactment of the Uniform Commercial Code it was the settled law in Georgia that a restaurateur who furnished unwholesome food or food containing a foreign substance or dangerous object to a customer who was injured thereby was not liable upon the theory of an implied warranty. *Yeo v. Pig & Whistle Sandwich Shops*, supra, p. 95. The rule of law thus announced and applied in the Georgia courts was clearly based upon the proposition that the furnishing of food by a restaurateur for consumption on the premises did not amount to a sale, but was in fact the rendition of a service solely for the purpose of satisfying the customer's immediate desires and need to be fed. See the excellent discussion and review of authorities in *Rowe v. Louisville &c. R. Co.*, 29 Ga. App. 151, 153 (113 SE 823). However, the plain, unambiguous, and express language of § 2-314 of the Uniform Commercial Code (*Code Ann.* § 109A-2—314) provides: "Unless excluded or modified . . . , a warranty that the goods sold shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale." The legislature has thus evidenced a manifest intention of abrogating and repealing the substantive rule of law announced by the courts in cases such as *Yeo* and *Rowe*. It follows that count 2 of the petition in this case alleging substantially the same facts as alleged in count 1 and basing the plaintiff's right to recover on a breach of an implied warranty of merchantability, stated a cause of action, and the trial court did not err in overruling the general demurrer, nor in overruling the special demurrer to paragraph 14 of count 2, attacking the allegations respecting warranty on the ground of irrelevancy and immateriality.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*

SUBMITTED JULY 6, 1965—DECIDED SEPTEMBER 8, 1965.

*Harris, Russell & Watkins,* for plaintiff in error.
*Melton, McKenna & House, Andrew W. McKenna,* contra.