## A04A1725. WILSON v. J & L MELTON, INC.
### (606 SE2d 47)

ELDRIDGE, Judge.

Appellant-plaintiff Luenell Wilson brought the instant complaint for damages for emotional distress against appellee-defendant J & L Melton, Inc. d/b/a McDonald's Restaurant (the "Restaurant"), averring negligence, negligence per se, and breach of the implied warranty of merchantability under OCGA §§ 51-1-23, 26-2-20, 11-2-314 and 11-2-715 (2) (b), respectively, for selling her french fries contaminated by blood. Further, Wilson sought bad faith attorney fees under OCGA § 13-6-11 because the Restaurant allowed its "fry man" to continue serving french fries knowing that he cut himself regularly. The Restaurant moved to dismiss for spoliation of the evidence, or, in the alternative, for summary judgment, pertinently arguing that the only alleged damage supported by the record was emotional distress in Wilson stemming from the fear that she had been exposed to HIV or hepatitis. Contending that genuine issues of material fact remain, but without addressing the foregoing argument, Wilson challenges the grants of summary judgment for the Restaurant. Finding no evidence which shows that Wilson was exposed to HIV or hepatitis and that her claim under OCGA § 13-6-11 for stubborn litigiousness was not raised and ruled upon in the trial court, we disagree and affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997)." (Punctuation omitted.) *Walker v.*

*Gwinnett Hosp. System,* 263 Ga. App. 554, 555 (588 SE2d 441) (2003). However, "[i]f the defendant is successful in piercing plaintiff's pleadings with regard to one essential element, the defendant is entitled to summary judgment regardless of whether issues of fact remain with regard to the other elements." *Grant v. Perimeter Mall Mgmt. Corp.,* 215 Ga. App. 652, 653 (452 SE2d 153) (1994). On appeal, we review a trial court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmovant. *Ethridge v. Davis,* 243 Ga. App. 11, 12 (530 SE2d 477) (2000).

Viewed in a light most favorable to nonmovant Wilson, the record shows that on October 9, 2002, Wilson ordered a Quarter Pounder Combo Meal for lunch at the Restaurant's drive-thru window. Wilson deposed that she began eating the french fries included in the meal as she drove away and, when looking down at a stop sign, noticed what she believed to be two blood spots on the inner side of the fries container. Although she had seen nothing out of the ordinary on the french fries she had eaten, Wilson vomited, and feeling nauseous, returned to the Restaurant and confronted on-duty manager Tonya Williams with the french fries container.

Williams believed the spotting which Wilson called to her attention to be red ink; nonetheless, she checked fry man Luiz Mendoza and found that he had a cut on his hand with "a little blood on it." Later, at Wilson's request, Williams wrote a note stating that "a customer had some blood in her fry box." Subsequent testing by the Laboratory Corporation of America, at Wilson's behest, showed the two spots at issue to be consistent with male blood. Testing, however, consumed the entire sample, foreclosing testing to confirm the presence of blood by the Restaurant.

Since the time of the accident, Wilson's blood has consistently tested negative for blood-borne pathogens, including HIV and hepatitis. However, she continues in counseling begun shortly after the incident at the Clayton County Mental Health Center for panic attacks and inability to sleep arising out of fear of contracting a disease as a result of eating contaminated food. *Held*:

1. That the superior court granted the Restaurant summary judgment upon Wilson's negligence claims was proper in that the record shows that Wilson failed to support her alleged damages for emotional distress by evidence of more than her "fear" that she had been exposed to HIV or hepatitis. "To allow recovery for emotional injuries and mental anguish, without any proof whatsoever that [the plaintiff] was actually exposed to HIV or hepatitis is *per se* unreasonable." (Emphasis supplied.) *Russaw v. Martin,* 221 Ga. App. 683, 686 (1) (472 SE2d 508) (1996); *Johnson v. American Nat. Red Cross,* 253 Ga. App. 587, 592 (2) (569 SE2d 242) (2002). Because Wilson was

unable to meet this requirement, no error obtained upon the grant of summary judgment on her negligence claims[1] against the Restaurant. *Grant v. Perimeter Mall Mgmt. Corp.*, supra.

2. Wilson last contends that the superior court erred in granting the Restaurant summary judgment on her claim for attorney fees under OCGA § 13-6-11 for stubborn litigiousness. However, the record shows that Wilson sought the award of OCGA § 13-6-11 attorney fees against the Restaurant before the superior court, not on the basis of stubborn litigiousness, but for bad faith in the Restaurant because it knowingly allowed its french fries to be served by an employee with a record for repeatedly cutting himself. "Where there is nothing in the record to support a contention of error, there is nothing to review." (Citation and punctuation omitted.) *Belcher v. Folsom*, 258 Ga. App. 191, 192-193 (573 SE2d 447) (2002). In any event, with no evidence of bad faith of record, see *Atlanta Journal Co. v. Doyal*, 82 Ga. App. 321, 336 (5) (60 SE2d 802) (1950) (attorney fees for bad faith in actions sounding in tort refers to intentional rather than negligent conduct in transaction out of which cause of action arose), summary judgment

---

[1] a. Negligence.

"Any person who knowingly or negligently sells unwholesome provisions of any kind to another person, the defect being unknown to the purchaser, by the use of which damage results to the purchaser or to his family, shall be liable in damages for such injury." OCGA § 51-1-23. "[O]ne who negligently furnishes food or drink containing a foreign substance which causes injury or damage to the consumer thereof may be held liable therefor." *Ray v. Deas*, 112 Ga. App. 191 (144 SE2d 468) (1965); *Watson v. Augusta Brewing Co.*, 124 Ga. 121 (1) (52 SE 152) (1905). Persons selling food for human consumption are under a duty to "exercise due care and diligence respecting its fitness, and they may be held liable in damages, if, by reason of any negligence on their part, contaminated and spoiled or unwholesome food is sold or persons are made ill and suffer damages as a result of eating such food." *Dupee v. Great A & P Tea Co.*, 69 Ga. App. 144, 145-146 (1) (24 SE2d 858) (1943).

b. Negligence per se.

Negligence per se obtains upon the violation of a statute or mandatory regulation and the preliminary findings that (1) the injured person falls within the class of persons protected, and (2) the harm complained of was the harm intended to protect against. *Hubbard v. Dept. of Transp.*, 256 Ga. App. 342, 350 (3) (568 SE2d 559) (2002). "It is well established, however, that even when negligence per se is shown, the plaintiff must still prove proximate cause and actual damage in order to recover." *Duncan v. Randolph*, 236 Ga. App. 566, 567 (512 SE2d 688) (1999). And the question of whether or not such negligence proximately caused the injury is generally for the jury to determine. Id.

c. Under OCGA § 11-2-314 (1) "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Under such Code section "the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale." "Goods to be merchantable must be at least such as . . . are fit for the ordinary purposes for which such goods are used." OCGA § 11-2-314 (2) (c).

To prove a breach of the implied warranty of merchantability a plaintiff must show four elements: (1) that the goods were subject to the warranty; (2) that the goods were defective; (3) that the injury was caused by the defective goods; and (4) that damages were incurred as a result. *Mitchell v. BBB Svcs. Co.*, 261 Ga. App. 240, 242 (582 SE2d 470) (2003).

for the Restaurant upon Wilson's bad faith attorney fees claim here was proper. *Grant v. Perimeter Mall Mgmt. Corp.*, supra.
*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED OCTOBER 7, 2004.

*Lisa D. Wright*, for appellant.
*Drew, Eckl & Farnham, Bruce A. Taylor, Jr., Douglas K. Burrell*, for appellee.