The Baltimore and Ohio Southwestern Railway Co.

*v.*

Harrison Faith.

*Opinion filed October 24, 1898.*

1. Instructions—*terms "due care" and "ordinary care" may be used interchangeably.* The expressions "due care" and "ordinary care" are convertible terms, and it is not error to use the former in part of the instructions and the latter in the others.

2. Same—*evidence need not preponderate to entitle party to instruction based thereon.* If there is evidence fairly tending to prove a fact, the party in whose favor that fact would operate is entitled to an instruction based thereon, as the question whether the evidence preponderates in favor of the truth of such fact is for the jury.

3. Evidence—*what prima facie sufficient to establish fact of existence of highway.* In an action against a railroad company for negligence in allowing a car to stand partly on the highway, evidence that a traveled public way, upon which public funds and road labor had been expended, crossed the railroad track at the point in question, and that cattle-guards had been constructed on either side of the traveled way, is *prima facie* sufficient to establish a public highway.

*Baltimore and Ohio S. W. Ry. Co.* v. *Faith,* 71 Ill. App. 59, affirmed.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Lawrence county; the Hon. S. Z. Landes, Judge, presiding.

Palmer, Shutt, Hamill & Lester, and Gee & Barnes, for appellant.

J. E. McGaughey, W. A. Cullop, and William Robinson, for appellee.

Per Curiam: This is an appeal from the judgment of the Appellate Court for the Fourth District affirming a judgment entered in the circuit court of Lawrence county in favor of the appellee, in the sum of $1000, in an action on the case, the declaration wherein charged that the appellant company negligently allowed one of its freight cars to stand partly upon a public highway at the crossing of the said highway and the track of the appellant's road; that the said car so partly standing upon the public road was an object calculated to frighten teams or horses attempted to be driven along said highway and over the said crossing, and that a tractable and gentle horse belonging to the appellee, attached to a buggy, driven by the appellee, while the appellee was endeavoring with due care and diligence to drive the said horse along said highway and across said crossing, became greatly frightened at said freight car and became unmanageable, ran away, overturned the buggy and threw the appellee with great force and violence to the ground, inflicting serious personal injuries upon him. The plea was not guilty, and the cause was submitted to a jury. A verdict of $1000 in favor of the appellee was returned. Judgment thereon followed, and the same was affirmed by the Appellate Court.

A number of witnesses testified in behalf of the respective parties. We have examined the testimony produced and find it sufficiently excluded any imputation of contributory negligence on the part of the appellee, and in other respects so far tended to establish a right of recovery in the appellee as to warrant the submission of the case to the jury. The court therefore properly overruled the motion of the appellant company for an instruction peremptorily directing a verdict in its favor.

In the first, second, fifth, eighth and twelfth instructions the jury were instructed and advised it was essential

it should appear the appellee had used "ordinary care" to secure his own safety on the occasion in question, and in the third, sixth and ninth instructions the degree of care required by the law was denominated "due care." The expressions "due care," "ordinary care" and "reasonable care" are convertible terms, and no error occurred in the matter of the instructions in this respect.  *Chicago, Burlington and Quincy Railroad Co.* v. *Yorty*, 158 Ill. 321.

The objection that the tenth instruction submitted to the jury, as a question of fact, whether a public road legally existed at the crossing in question is not tenable. In *Harding* v. *Town of Hale*, 83 Ill. 501, the question whether or not a public highway had been legally laid out was declared to be a mixed question of law and fact, and that an instruction was erroneous which left it to a jury to determine whether the public highway had been laid out, without advising them as to the steps necessary to the laying out of the same.  In the case at bar the jury, in the other instructions, were fully advised as to the different modes of establishing public roads, and what steps were necessary to the legal laying out of a road or the creation of a public highway, in each of the different modes by which the public may acquire such an easement.  The instructions, considered as a series, properly directed the jury on this point.  It appeared a traveled public way actually crossed the railroad track at the point in question, and that cattle-guards had been constructed in the track of the railroad upon either side of the traveled way, though perhaps a few feet therefrom, and that the public funds and road labor had been expended upon the road. This was sufficient to establish *prima facie* the existence of a public highway.

While complaint is made that the seventh and ninth instructions are erroneous, no specific ground of objection is pointed out as to either in the brief, and we do not perceive, upon inspection of them, that they were erroneous or in any respect operated to the prejudice of appellant.

The objection that there is no evidence to warrant it is urged against the twelfth instruction. In support of this objection it is urged the only evidence to base it upon is the testimony of the appellee. The testimony of the appellee in chief was such as to demand the submission to the jury, as a question of fact, whether he exercised ordinary care for his own safety, and whether the car, if standing as he testifies it did, partly within the limits of the highway, was an object likely to frighten horses, and it was to these matters the instruction related. The contention that upon cross-examination the appellee made admissions to the effect that the horse became frightened from other causes, or that such admissions were proven by other witnesses, was proper for the consideration of the jury in connection with his testimony in chief, but had no effect to authorize the court to refuse the instruction on the ground that the preponderance of the evidence did not support it. If there is evidence which fairly tends to support a proposition of fact, the party in whose favor the fact would operate is entitled to an instruction as to the principle of law to which the fact relates. Whether the evidence preponderates in favor of the truth of the alleged fact is a matter for the jury—not the court.

The action of the court in modifying an instruction offered by the appellant company is criticised, on the ground there is no evidence in the record to support the modification. The modification, in substance, was, that the principle announced in the instruction was not applicable if the jury believed, from the weight of the evidence, the car extended beyond the cattle-guard and into the public highway. We find it was testified to by more than one witness that the bumper of the car stood even with or extended very nearly to the traveled portion of the road.

The record is free from reversible error, and the judgment is affirmed.                    *Judgment affirmed.*