4006. CHARLESTON & WESTERN CAROLINA RAILWAY CO. *v.* McELMURRAY BROTHERS, for use, etc.

RUSSELL, J. 1. The petition, properly construed, based the plaintiff's right of action not only upon the negligence of the defendant in so operating its engine as to cause an unusual emission of sparks, but also upon the negligence of the defendant in permitting the accumulation of combustible matter on its right of way. It therefore set forth a right of action, and the court did not err in overruling the general demurrer. The special demurrers were without merit. The plaintiff was not required to state the particular agent of the defendant whom he notified of the company's negligence as to the accumulation of trash on its right of way; for the notice was unnecessary.
2. There being no bona fide effort to brief the evidence as required by law, and the remaining assignments of error being dependent upon the evidence, the judgment of the lower court must be affirmed.

*Judgment affirmed.*

DECIDED FEBRUARY 11, 1913.

ON MOTION FOR REHEARING.

1. The demurrer complaining generally that no cause of action is alleged in the plaintiff's petition against the defendant was insufficient, in view of the allegations of the petition, to present to the consideration of the trial court the specific objection that the petition did not set forth clearly and distinctly a right of action in the plaintiff and against the defendant for negligently allowing the fire to escape. The allegations as to the accumulation of combustible matter upon the defendant's right of way, taken in connection with the other allegations in the petition, sufficiently charge the defendant with liability for negligently permitting the escape of fire from its right of way, to withstand a general demurrer.
2. The provisions of section 3 of the act regulating practice in courts of review in this State, approved August 21, 1911 (Ga. Laws of 1911, p. 150), are restricted to questions as to the sufficiency of the approval of the grounds of motions for new trial, the sufficiency of the approval of the brief of evidence, and the sufficiency of the filing of either the motion or the brief, and have no reference to the right of the review-

ing court to determine whether a paper filed and approved as a brief of the evidence is such a brief of the evidence as is required by law.

MARCH 1, 1913.

Action for damages; city court of Richmond county—Judge W. F. Eve. January 5, 1912.

The action was for damages on account of fire alleged to have been caused by sparks from the locomotive of a passenger-train passing the plaintiffs' land. The petition alleges, that the right of way of the defendant railway company, running through the land of the plaintiffs, and immediately adjoining that portion which was burned over by the fire alleged to have been set out by the defendant's locomotive, was, just previous to the said fire, in a foul condition from an overgrowth of dry grass, weeds, and brush, and that due notice had been given, in writing, to the railway officials of this condition, and of the danger to be apprehended from fire which might be set out by their passing locomotives; and, further, that there was no attempt on the part of the defendant railway company to clean off the said right of way. Paragraph 4 of the petition is as follows: "That said defendant negligently permitted large quantities of dry grass, weeds, trash, and underbrush to gather upon its said right of way, and, though it was advised in writing, prior to the date of the injury hereinafter stated, of the dangerous condition of said right of way, negligently allowed said inflammable and combustible material to remain upon the said right of way." In the 5th and 6th paragraphs it is alleged that on the 14th and 27th days of November, 1910, respectively, an engine operated by the defendant negligently emitted sparks which set fire to the said right of way, which fire was communicated to the plaintiffs' adjacent fields, destroying specified property of the plaintiffs. It is alleged that "the defendant was guilty of negligence in this: (*a*) That the engines used by said defendant as aforesaid were without a safe and sufficient spark-arrester, and safe and sufficient devices and appliances for preventing the emission of sparks, which set fire to the right of way as aforesaid. (*b*) That said engines were so carelessly and negligently operated as to allow the emission of sparks, which set fire to the right of way as aforesaid. (*c*) That said defendant negligently permitted large quantities of dry grass, weeds, trash, and underbrush to gather upon its right of way as aforesaid."

The defendant demurred as follows: "(1) Because no cause of action is alleged in plaintiff's petition against this defendant. (2) Defendant demurs to the following paragraphs of the petition, namely: To paragraphs 4 and 6, because no copy of the writing therein referred to is attached to the petition; to paragraph 5, because plaintiff fails to allege what particular kind of vetch was growing on his field on the 14th day of November, 1910; also because plaintiff fails to allege when he discovered the fire in question, and why he did not discover it sooner than he did." The court overruled the demurrer. The trial resulted in a verdict for the plaintiffs. The defendant's motion for a new trial was overruled, and it excepted to that judgment, as well as to the overruling of the demurrer.

*W. K. Miller,* for plaintiff in error.

*J. C. C. Black Jr.,* contra.

### ON MOTION FOR REHEARING.

RUSSELL, J. (After stating the foregoing facts.) We decline to grant the motion for rehearing filed by the plaintiff in error. It is based upon the following grounds: "(1) That the point in its demurrer to the plaintiff's petition was that it had a right to set out fire, either intentionally or negligently, on its right of way, and that an adjoining property owner has no right to complain of such fire, if not damaged thereby. The fire being on its right of way, if it was allowed to escape from the right of way and damage the property of the adjoining landowner, his right of action would be for negligently allowing a fire to escape, none of which was alleged in the petition. (2) Relatively to the brief of evidence: This was of necessity fixed and approved by the court below, and no objection was raised thereto in this court. Plaintiff in error respectfully submits that since the act of August 1911, section 3 (Public Laws, page 150), this court should not refuse to adjudicate questions depending upon the evidence because too much evidence was brought to this court. The presumption is that the court below did its duty and approved a proper brief of the evidence. What is too much evidence, or what is too little, must of necessity be determined by the court below. If this court should undertake to determine such questions without all the evidence before it, and then say what is or what is not a proper brief of the

evidence, and after a hearing in this court on the merits of the appeal, litigants would have no fixed rule to guide them."

1. It will readily be seen by reading the demurrer that it did not direct the attention of the trial court with sufficient clearness to the specific point now insisted upon; and, as we have several times had occasion to remark, "demurrer, being a critic, should itself be free from imperfections." We think the allegations of the petition, in the absence of an appropriate special demurrer requiring a full statement of the cause of action, sufficiently set forth a right of action against the defendant for negligently allowing the fire to escape. Where there is only an imaginary line separating the railway's right of way from the land of the adjoining landholder, and the railway company negligently permits its right of way to remain covered with dry grass, refuse, and other combustible material, it is reasonably to be assumed by the railway company that if the right of way is set on fire, such fire will be communicated to adjacent premises, unless precautionary means are then at hand to confine the fire to the right of way. In the absence of a more specific objection to the allegation of the petition, the petition can very properly be construed to charge merely by way of inducement the negligent emission of the sparks. If the right of way had contained no combustible material, it is possible that there would have been no combustion injurious to the plaintiffs' property, although the defendant might have been negligent as to the emission of sparks from its engines. Be this as it may, it is clear that the specific point presented in the first ground of the motion for rehearing was not presented to the court below, and hence can not be adjudicated here.

2. It is insisted, in the second ground of the motion for rehearing, that the brief of evidence was of necessity fixed and approved by the court below, and that as no objection was there made to it, the Court of Appeals "should not refuse to adjudicate questions depending upon the evidence because too much evidence was brought to this court." Section 3 of the act approved August 21, 1911 (Ga. Laws, 1911, p. 149), is cited as authority for this position. The section referred to reads as follows: "That where the judge has finally passed on the merits of a motion for a new trial and the parties have raised no question as to the sufficiency of the approval of the grounds of such motion, or of the approval of the

brief of evidence, or of the filing of such motion or brief, or of the jurisdiction of the judge to entertain the motion at the time he did, if the parties acquiesced in his entertaining it at that time, no question as to these matters shall be entertained by the reviewing courts unless first raised and insisted on before the trial judge." It is very plain that the matters as to which there shall be no question raised in the reviewing courts unless the subject is first raised and insisted upon before the trial judge are expressly limited to three points: (1) the sufficiency of the approval of the grounds of the motion for a new trial; (2) the sufficiency and approval of the brief of evidence; and (3) the sufficiency of the filing of the brief of evidence and of the motion for a new trial. The act does not in anywise attempt to interfere with the power of the courts of review to determine when there has been a bona fide effort to prepare a brief of the evidence, nor with the duty of this court to decline to consider questions whose determination is dependent upon a review of the evidence when in fact the paper which has been approved and filed is not in a legal sense a brief of the evidence at all, but a bulky and voluminous document which, in some instances, is a great conglomeration of irrelevant matter, from which the reviewing court will not attempt to hunt for and separate such proof as is relevant to the issues involved. *Albany Northern Ry. Co.* v. *Wheeler,* 6 *Ga. App.* 270 · (1), 273 (64 S. E. 1114). Section 3 of the act of 1911 confines itself to three matters, which may be said to be purely technical, and the legislature very wisely determined that if a litigant did not see fit to take advantage of these matters of practice before the trial court had lost jurisdiction of the case by the filing of a writ of error, he could very properly be held to have waived it. The legislature, no doubt, also had in mind the fact that courts of review are always inclined, if possible, to consider cases upon their merits; and by the provisions of section 3 the General Assembly unquestionably saved the courts of review from the labor of investigating and considering certain questions which had, prior to the passage of this act, consumed a considerable part of the time of these courts, to wit: whether the grounds of the motion, or the brief of evidence, had been sufficiently approved, or whether the motion or the brief had been properly filed. As above stated, however, it is very plain, from reading the statute, that the legislature did not undertake

to take. away from the courts of review the right to say that a paper was not a legal brief of evidence, although no point could be made as to the fact that it had been approved as such by the trial judge. The formal approval of a brief of evidence by the trial judge, and the question as to whether the paper approved is in fact such a brief of evidence as is required by law, are two entirely separate and distinct matters, and it will not be inferred that the legislature intended by implication to include the one in the other. That this is true is furthermore apparent from the fact that in most of the reported cases in which the Supreme Court and this court have declined to consider assignments of error dependent entirely upon the evidence, for the reason that there was no proper brief of evidence in the record, there was no question, and there could be no question, as to the sufficiency of the approval of the brief of evidence by the trial judge.

In regard to the statement in the motion for rehearing, that "what is too much evidence, or what is too little, must of necessity be determined by the court below," we need only to reply in the language of Judge Powell, speaking for this court, in *Albany & Northern Railway Co.* v. *Wheeler,* supra: "In this connection we may say that when an improperly prepared brief of the evidence appears in the record without any explanation or contrary statement, it is presumed to be the work of counsel for the movant. Hence, if counsel for the movant has not in fact been derelict in this respect and desires to save himself from this imputation, he should present what he conceives to be a correct brief to the judge; if opposing counsel. objects, and the judge sustains the objection and causes additions to be made, it is the privilege of moving counsel to cause this fact to appear, either by a note or memorandum attached to the brief of the evidence and verified as a part of it, or by a recital in the bill of exceptions; and if when the case reaches this court it appears that the brief has been improperly added to at the instance of counsel for the respondent, it is within the discretion of this court to give such direction to the matter, by taxing the costs or otherwise, as will protect the party not at fault." Assuming, as we must, under this ruling, that an improperly prepared brief of evidence is the work of counsel for the movant, it is his duty, in any case in which he is forced to submit to additions to the brief, to object in the trial court, and follow

it up by a recital in the bill of exceptions. This practice is in exact conformity with the spirit of the act of 1911 as to the approval and filing of motions for new trial and briefs of evidence. We hold that the act of 1911, supra, has no relation to the question as to whether what is approved as a brief is in fact a proper brief of the evidence—such a brief as is required by law.

*Motion for rehearing denied.*