30832. Bowers, administrator, v. Fred W. Amend Co.

Parker, J. 1. The court did not abuse its discretion in overruling the motion for continuance, based upon the absence of an alleged material witness, where it was not shown that such witness lived in the county or had been subpœnaed, and where it appeared that the witness was serving overseas in the United States Army, and there was no reason to expect that he would be present at the next term of the court. Code, § 81-1410; Barlow v. State, 24 Ga. App. 122 (99 S. E. 798).

2. No error is shown in the disallowance of an amendment to the declaration offered by the plaintiff increasing the damages from $2000, claimed in the attachment to $10,000, where the jury found against the plaintiff as to damages in any amount. See Casey &c. Mfg. Co. v. Dalton Ice Co., 94 Ga. 407 (3) (20 S. E. 333).

3. The doctrine res ipsa loquitur is not a rule of law, but is only an inference of fact permitted but not required to be made by the jury. It is but the proof of negligence by circumstantial rather than by direct evidence, and it must be applied by the jury, if at all, and not by the court. The judge properly charged that there must be reasonable evidence of negligence, and that the jury should say whether negligence would be inferred in the absence of explanation by the defendant. Cochrell v. Langley Mfg. Co., 5 Ga. App. 317 (63 S. E. 244); Sinkovitz v. Peters Land Co., 5 Ga. App. 788 (64 S. E. 93); Blanton v. Great A. & P. Tea Co., 61 Fed. 2d, 427.

4. The court erred in refusing to allow the plaintiff to introduce additional material evidence, where it did not appear that the plaintiff had definitely closed, but had in effect merely rested, and counsel for the defendant had made a motion for a nonsuit, which was then pending, and other evidence was being introduced by the plaintiff, and the witness offered was in court, and the defendant did not show that it would be prejudiced or injured by the introduction of the additional testimony. See Penn v. Georgia Southern & Florida Ry. Co., 129 Ga. 856 (60 S. E. 172); Wickham v. Torley, 136 Ga. 594 (71 S. E. 881); and Walker v. Central of Georgia Ry. Co., 47 Ga. App. 240 (6) (170 S. E. 258).

5. All other assignments of error relate to rulings on the admission of evidence, and are either without merit or such as may not occur upon another trial.

Judgment reversed. Sutton, P. J., concurs. Felton, J., concurs in the judgment.

Decided June 21, 1945. Rehearing denied July 25, 1945.

716

*William A. Thomas,* for plaintiff.
*Neely, Marshall & Greene,* for defendant.